Peter Olusanya **OLUYEMI, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 89–2057.

United States Court of Appeals,
First Circuit.

Heard April 6, 1990.
Decided May 11, 1990.

---

James M. Langan, Jr., Boston, Mass., with whom Langan, Dempsey & Brodigan, was on brief, for petitioner.

Ellen Sue Shapiro, Boston, Mass., with whom Stuart M. Gerson, Asst. Atty. Gen., Civ. Div., Washington, D.C., Robert Kendall, Jr., Asst. Director, and Karen L. Fletcher, Attorney, Office of Immigration Litigation, Civ. Div. Dept. of Justice, were on brief, for respondent.

Before BREYER, Chief Judge, TORRUELLA and CYR, Circuit Judges.

BREYER, Chief Judge.

The petitioner, Peter Olusanya Oluyemi, a citizen of Nigeria, entered the United States on July 18, 1987, as a "visitor for pleasure." His visa expired on October 12, 1987. He remained in the country. The Immigration and Naturalization Service has ordered him deported. *See* 8 U.S.C. § 1251(a)(2) (requiring deportation of any "alien" who "is in the United States in violation of ... any ... law"). He pointed out to the immigration judge, however, that his American wife had asked the INS to reclassify him as an "immediate relative" and to grant him a visa that would allow him to "adjust" his "status" to that of a permanent resident. *See* 8 U.S.C. §§ 1154(a)(1), 1255(a). He asked for permission to stay here pending the outcome of that petition, or, at the least, for permission to depart from the country voluntarily, instead of being "deported." *See* 8 U.S.C. § 1254(e). The immigration judge denied both these requests; the Board of Immigration Appeals found the judge's decision proper; and petitioner now argues to us that the Board's and the immigration judge's decisions were not lawful.

■ We can find nothing unlawful about the immigration judge's decision not to permit the petitioner to stay in this country pending the outcome of his wife's visa request. That is because the likelihood that the INS will grant that request is very small. The statute says that the Attorney General "may ..., *in his discretion*" adjust the status of an alien to one of "permanent residence" if, among other things, the alien is "admissible" for permanent residence, and "an immigrant visa is *immediately available* to him at the time his application is filed." 8 U.S.C. § 1255(a) (emphasis added). Not only is there no "immigrant visa ... immediately available" to the petitioner, but there is also little reason to think that such a visa will ever become available. The petitioner was ordered deported in 1986; he returned in 1987, with a counterfeit passport issued in a different one of his several names, and without the necessary governmental permission, and was excluded and deported; and he returned yet another time (again without permission), using a passport issued in yet another of his names. *See* 8 U.S.C. § 1182(a) (categories of aliens ineligible for visas include those who have used fraud to enter the United States and those who have previously been excluded or deported and returned without obtaining the Attorney General's permission to do so). Even were

**1034**

petitioner to overcome these statutory obstacles, given the history that the record reveals, a history that includes these efforts to return using different names, and which also includes evidence of three marriages, one of which was bigamous and (in the view of the INS) possibly entered into in order to obtain the right to stay in this country, there is no reason to think the Attorney General would exercise his *"discretion"* to permit petitioner to stay.

Petitioner argues that the immigration judge, nonetheless, should have postponed the deportation proceedings against him until the district director decided whether to grant his wife's visa petition. The Board of Immigration Appeals has held that, while "an alien does not have an absolute right" to such an adjournment, an immigration judge should grant a continuance of a deportation hearing when an alien has submitted "a prima facie approvable visa petition." *Matter of Garcia,* 16 I & N Dec. 653, 656 (BIA 1978). However, *Garcia* did not establish "an inflexible rule" requiring immigration judges to grant continuances in all cases in which an alien is the beneficiary of a pending visa petition.

> It clearly would not be an abuse of discretion for the immigration judge to summarily deny a request for a continuance ... upon his determination that the visa petition is frivolous or that the adjustment application would be denied on statutory grounds or in the exercise of discretion notwithstanding the approval of the petition.

*Id.* at 657. In light of the circumstances of this case, we cannot say that the immigration judge abused the broad discretion that *Garcia* confers upon him in refusing to delay the hearing because he believed that the adjustment petition eventually would be denied.

Petitioner also argues that, instead of deporting him, the immigration judge should himself have decided whether or not to adjust his status; that is to say, petitioner believes the immigration judge should have adjudicated his wife's visa petition then and there. The problem with this argument is that the decision about whether or not to grant a visa, under the relevant statutes and regulations, belongs to the district director, not to the immigration judge. *See* 8 U.S.C. § 1154(b) (authorizing Attorney General to approve petitions to classify aliens as immediate relatives); 8 C.F.R. § 204 (outlining procedure for consideration of such petitions by district directors). In any event, we can find no law or regulation that would require an immigration judge to decide whether or not to grant an adjustment of status under the circumstances present here.

Petitioner claims, alternatively, that the immigration judge should have permitted him to depart voluntarily. The statute, however, says that the Attorney General "may, *in his discretion,"* permit an alien to depart voluntarily if "he is, and has been, a person of good moral character for at least five years." 8 U.S.C. § 1254(e) (emphasis added). Given the petitioner's past history of immigration law abuse (even if we leave to the side his possibly bigamous marriage), we can find no abuse of discretion in the immigration judge's denial. *See Williams v. INS,* 773 F.2d 8, 9 (1st Cir. 1985) (denial of discretionary relief will be upheld unless "arbitrary, capricious or an abuse of discretion").

The petition is

*Denied.*