USCA1 Opinion

 

 November 17, 1992 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 92-1188 TOMAS ELIGIO PEREZ-GUZMAN, Petitioner, v. IMMIGRATION AND NATURALIZATION SERVICE, Respondent. __________________ ON PETITION FOR REVIEW OF AN ORDER OF THE BOARD OF IMMIGRATION APPEALS _________________________ Before Breyer, Chief Judge, ___________ Selya and Cyr, Circuit Judges. ______________ ___________________ Carl Krueger on brief for petitioner. ____________ Stuart M. Gerson, Assistant Attorney General, Civil ___________________ Division, and Thomas W. Hussey, Deputy Director, Office of __________________ Immigration Litigation, Civil Division, on brief for respondent. __________________ __________________ Per Curiam. This is a petition for review of a final __________ order of deportation. The sole issue involved is whether the Board of Immigration Appeals (BIA) erred in denying petitioner's request for voluntary departure in lieu of deportation. We find no abuse of discretion and therefore affirm the decision below. I. Petitioner is a 41-year-old native and citizen of the Dominican Republic. In March 1985, he entered the United States without inspection. In April 1986, he married Selene Garcia, a Dominican native and lawful permanent resident of the United States. Apart from a six-month separation in 1987, the two thereafter lived together in Providence, Rhode Island. Garcia had four children from a previous relationship; petitioner had two of his own, who remained in the Dominican Republic. In June 1986, Garcia applied for a second preference immigrant visa for petitioner. That application was approved the following month, placing petitioner on a waiting list to await the availability of a visa number for his particular nationality and immigrant category. This process, according to the government, can take several years. In November 1987, petitioner was arrested on a charge of making a false statement in a passport application, in violation of 18 U.S.C. 1542. The evidence showed that in -2- August 1987 he had used a false Puerto Rican birth certificate (which he had purchased privately for $100) to apply for a passport.1 Petitioner pled guilty to the charge on December 9, 1987, and agreed not to oppose deportation. Sentencing was deferred, and petitioner was released to INS custody. Deportation proceedings were then instituted, premised on petitioner's original entry without inspection. A show cause order issued in December 1987, and a hearing before an immigration judge (IJ) occurred over three days between March and June 1988. Petitioner conceded deportability, and asked for discretionary relief in the form of voluntary departure. His principal request was that he be allowed to depart in six months: he explained that his wife was expecting a child in October 1988 and that he wished to remain until that time. He later mentioned, during his testimony, that he also wished to wait in this country until a visa became available. The IJ denied the request. Relying on the false-statement conviction and other factors, he determined that petitioner was both statutorily ineligible for such relief and undeserving of same in the exercise of discretion. The BIA affirmed on the latter ground alone. II. ____________________ 1. Petitioner explained at the deportation hearing that he had sought to return temporarily to the Dominican Republic because one of his children was ill. -3- Voluntary departure is a privilege which the Attorney General is authorized to bestow "in his discretion." 8 U.S.C. 1254(e). The award of voluntary departure to an alien who would otherwise be deported entails several advantages: (1) it allows him to avoid the stigma of deportation; (2) it allows him to select his own destination; and (3) it facilitates the possibility of return to the United States.2 See, e.g., Landon v. Plasencia, 459 U.S. ___ ____ ______ _________ 21, 26 & n.4 (1982); Garcia-Lopez v. INS, 923 F.2d 72, 74-75 ____________ ___ (7th Cir. 1991); Contreras-Aragon v. INS, 852 F.2d 1088, 1090 ________________ ___ (9th Cir. 1988); 3 C. Gordon & S. Mailman, Immigration Law _______________ and Procedure 74.02[1][a], at 74-16 (1992). _____________ To be eligible for voluntary departure, an alien must establish that he has been of good moral character for at least the five years preceding his application, and also that he has the financial means to depart. See 8 U.S.C. ___ 1254(e). In addition to these statutory requirements, he must demonstrate equities that outweigh any adverse factors and merit a favorable exercise of discretion. See, e.g., ___ ____ Abedini v. INS, 971 F.2d 188, 192-93 (9th Cir. 1992); _______ ___ Villanueva-Franco v. INS, 802 F.2d 327, 329 (9th Cir. 1986). _________________ ___ ____________________ 2. Unless the Attorney General otherwise permits, an alien who has been excluded from admission and deported cannot again seek admission within one year, and one who has been arrested and deported cannot do so for five years. See 8 ___ U.S.C. 1182(a)(6). Voluntary departure enables an alien to avoid these restrictions. -4- We review the denial of voluntary departure for abuse of discretion. See, e.g., Oluyemi v. INS, 902 F.2d 1032, 1034 ___ ____ _______ ___ (1st Cir. 1990). "The denial will be upheld unless it was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis ...." Williams v. INS, 773 F.2d 8, 9 (1st Cir. 1985) ________ ___ (quotations omitted) (denial of motion to reopen deportation proceedings); see, e.g., Garcia-Lopez, 923 F.2d at 74 ___ ____ ____________ (applying this standard to denial of voluntary departure). So long as the Board weighed all the favorable and unfavorable factors and supported its conclusion with a reasoned explanation based on legitimate concerns, its decision will be upheld. See, e.g., Abedini, 971 F.2d at ___ ____ _______ 193; Estrada-Posadas v. INS, 924 F.2d 916, 920 (9th Cir. _______________ ___ 1991). III. As mentioned, the BIA affirmed on the basis of the IJ's alternative rationale that the equities in petitioner's favor did not sufficiently outweigh the adverse factors so as to warrant a favorable exercise of discretion.3 The IJ took note of the following factors. That petitioner was married to a lawful permanent resident with four children, that his ____________________ 3. See INS v. Rios-Pineda, 471 U.S. 444, 449 (1985) ("if the ___ ___ ___________ Attorney General decides that relief should be denied as a matter of discretion, he need not consider whether the threshold statutory eligibility requirements are met") (denial of motion to reopen). -5- wife was pregnant, and that he had an approved visa petition all weighed in his favor. On the other hand, petitioner had been convicted of making a false statement in applying for a passport and had earlier obtained a counterfeit birth certificate. He had violated the immigration laws by entering without inspection and then by working intermittently without authorization. He provided no support to his wife or stepchildren. And the IJ found that he exhibited a "lack of complete candor" during his testimony.4 In determining that these adverse factors outweighed the equities, the IJ and the BIA acted in accord with the approach taken in analogous cases in which voluntary departure has been denied.5 ____________________ 4. During his direct testimony, petitioner implied (1) that he had resided with his wife ever since their marriage, and (2) that he would not violate the requirement that he obtain authorization before working in this country. Only when pressed on cross-examination did he disclose that he had been separated from his wife for six months, and that he had worked without authorization. The IJ viewed this misleading testimony as an attempt to "amplify his favorable equities." 5. See, e.g., Abedini, 971 F.2d at 193 (entry without ___ ____ _______ inspection; false passport); Estrada-Posadas, 924 F.2d at _______________ 920-21 (two entries without inspection; discrepancies between written application and oral testimony); Garcia-Lopez, 923 ____________ F.2d at 75-76 (approved visa petition; citizen wife and stepchild; multiple illegal entries, once with false passport); Villanueva-Franco, 802 F.2d at 329-30 (approved _________________ visa petition; citizen wife and child; entry without inspection and multiple drunk-driving convictions); Carnejo- ________ Molina v. INS, 649 F.2d 1145, 1151-52 (5th Cir. 1981) (two ______ ___ citizen children; several illegal entries, once with false passport; evasive testimony) -6- Petitioner advances several specific challenges to the agency decision, none of which proves persuasive. First, he contends that his false-statement conviction and his acquisition of a false birth certificate together constituted only a single adverse factor--not two, as the IJ held. Yet the latter event was a separate undertaking and was appropriately deemed an independent factor. Second, he argues that the IJ "inflated the importance" of his other immigration law violations--his entry without inspection and unauthorized employment--by describing them as serious adverse factors. Yet he relies on cases holding that such violations provide an insufficient basis for finding a lack of "good moral character" under the statute. Here, his immigration transgressions were not invoked to find him statutorily ineligible. Rather, they were considered in connection with the agency's discretionary determination--an inquiry to which immigration law violations are plainly relevant. See, e.g., Garcia-Lopez, 923 F.2d at 75. ___ ____ ____________ Third, petitioner objects to the BIA's reference to his "history of fraudulent conduct over the years to avoid the immigration laws." He contends that the false-statement conviction was his only fraudulent action. Yet the BIA was plainly referring as well to his entry without inspection, his acquisition of a false birth certificate, and his unauthorized employment. Fourth, he argues that the agency -7- improperly failed to regard his four stepchildren as a favorable equity. To the contrary, the IJ specifically mentioned them as a favorable factor. It is true that the IJ emphasized the relationship of those children to their mother rather than to petitioner. Yet given that petitioner's wife spoke of them in her testimony as "my" children, and given that petitioner has provided them with no financial support, we cannot say such emphasis was misplaced. Finally, petitioner complains that, during the hearing, he was prevented from documenting his reasons for seeking an extended period of voluntary departure. Specifically, he sought to introduce testimony describing the hardship that he and his family would suffer if he were unable to remain for the birth of his child and the availability of an immigrant visa.6 The IJ barred such testimony, permitting him to describe only the amount of time that would be necessary to get his affairs in order. Petitioner's objection to this ruling fails for a number of reasons. To the extent such evidence would have pertained only to the length of voluntary ______ departure requested, it is irrelevant to the question here of whether such relief (of whatever duration) was properly denied. Moreover, while it is true that an IJ "is not limited as to the period of time he may grant for voluntary ____________________ 6. No detailed offer of proof was made, and petitioner has not since specified whether such hardship would have entailed anything more than the obvious dislocations. -8- departure," the "usual period of time allowed ... is 30 days," and such relief may not be granted "for an indefinite period of time." In re Quintero, 18 I. & N. Dec. 348, 351 ______________ (1982). Voluntary departure is thus an inappropriate mechanism for delaying departure indefinitely in order to await an immigrant visa. See, e.g., C. Gordon & S. Mailman, ___ ____ supra, at 74-14. Cf. Oluyemi, 902 F.2d at 1033-34 (request _____ ___ _______ to stay in this country pending outcome of visa petition, and accompanying request for voluntary departure, were properly denied); Lad v. INS, 539 F.2d 808, 810 (1st Cir. 1976) ___ ___ (request for indefinite period of voluntary departure because of alien's desire to pursue collateral litigation was properly denied). As to petitioner's request to attend the birth of his child, it suffices at this point to observe that such event occurred over four years ago. We find that the agency considered all the equities, balanced them against the adverse factors, and provided a rational explanation for its decision. We therefore find no abuse of discretion and summarily affirm the BIA's decision under Loc. R. 27.1. Affirmed. _________ -9-