**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-1862

CARLOS RAMON PAEZ-RODRIGUEZ,

Petitioner,

v.

JOHN ASHCROFT, ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF

THE BOARD OF IMMIGRATION APPEALS

Before

Boudin, Chief Judge,

Lipez and Howard, Circuit Judges.

Jeffrey B. Rubin and Law Offices of Jeffrey B. Rubin, P.C. on brief for petitioner.

Emily Anne Radford, Assistant Director, Office of Immigration Litigation, Civil Division, Department of Justice, Peter D. Keisler, Assistant Attorney General, Civil Division, Department of Justice, and Papu Sandhu, Senior Litigation Counsel, on brief for respondent.

February 3, 2005

**Per Curiam**.  Petitioner Carlos Ramon Paez-Rodriguez ("Paez") seeks review of the June 2, 2004, final order of removal issued by the Board of Immigration Appeals ("Board") affirming the immigration judge's decision.  Paez is a citizen of the Dominican Republic who overstayed a non-immigrant visa.  Paez does not contest removability; what he objects to is the refusal of the immigration judge and the Board to continue the removal proceeding so that he could pursue alternative relief.

Paez entered this country in 1994, and in 1997, Paez and his wife Mary Luz Lopez applied for permanent residency for Paez based on his marriage to a U.S. citizen.  On July 24, 2000, the INS denied the application because Paez had in 1999 failed to respond to the INS's request that he be fingerprinted.  The INS initiated removal proceedings on April 26, 2002.

On February 13, 2003, after a delay to permit Paez to obtain counsel, Paez indicated his intent to apply for an adjustment of status based on his marriage to a U.S. citizen.  By this time it appears that Paez and his wife were contemplating a divorce, but the immigration judge nevertheless granted a continuance to allow Paez to submit evidence that his spouse had submitted or re-submitted a visa petition on his behalf.  On February 21, a further continuance was granted, Paez being directed to submit proof of a visa application by March 10.

Paez never submitted the application. Instead, on April 10, 2003, his counsel explained that Paez' wife was unwilling to sign a visa application but that Paez was now seeking through his employer a labor certification to support a visa application, and he requested a further continuance to pursue this effort. Accepting the government's argument that this route should have been pursued at an earlier time, the immigration judge denied the continuance "under the circumstances of the case."

On April 17, 2003, Paez's counsel again sought a continuance for Paez to pursue the labor certification, filing with the immigration court a recently completed certification application. The immigration judge "reaffirm[ed]" her denial of the continuance, noting that there was no evidence that the application had actually been filed and that it had in any event been prepared only two days before. Paez appealed from the denial of the continuance to the Board, which summarily affirmed pursuant to 8 C.F.R. § 1003.1(e)(4) (2004).

Paez now appeals from the denial of his motion for a continuance, asserting that it was a violation of his due process rights in addition to an abuse of discretion. He also asserts that the Board erred by summarily affirming rather than having a full panel review his case. We note without resolving a threshold objection by the government and deny the petition for review on the merits.

The government at the outset asserts that we lack jurisdiction to review the immigration judge's denial of the motion for continuance because of 8 U.S.C. § 1252(a)(2)(B) (2000), which states:

> Notwithstanding any other provision of law, no court shall have jurisdiction to review -- . . . (ii) any other decision or action of the Attorney General the authority for which is specified under this subchapter to be in the discretion of the Attorney General.

The government argues that immigration judges conducting removal proceedings are exercising the Attorney General's powers by delegation, and it notes that 8 C.F.R. § 1003.29 (2004) says that the "immigration judge <u>may</u> grant a motion for continuance for good cause shown." (emphasis supplied).

At least two circuit courts share the government's view. <u>See, e.g.</u>, <u>Yerkovic</u> v. <u>Ashcroft</u>, 381 F.3d 990, 995 (10th Cir. 2004); <u>Onyinkwa</u> v. <u>Ashcroft</u>, 376 F.3d 797, 799 (8th Cir. 2004). On the other hand, one could argue about whether the rule's grant of discretion to the immigration judge is a matter "which is specified under this subchapter" to be within the Attorney General's discretion, given that the grant or denial of continuances in removal proceedings is not listed as a discretionary decision in the statute. <u>See</u> <u>Medina-Morales</u> v. <u>Ashcroft</u>, 371 F.3d 520, 528 (9th Cir. 2004). <u>Contra</u> 8 U.S.C. § 1184(d) (2000) (providing that the "Attorney General in his discretion" may waive a particular visa requirement).

-4-

In any event the outcome in this case is effectively the same regardless of whether we have authority to review the denial of a continuance, because the denial was not an abuse of discretion--let alone a denial of due process. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 101 (1998), requiring us to assure ourselves that we have Article III jurisdiction, does not require that we resolve the threshold question; the government's objection goes only to our statutory authority to review a specific class of decisions. Restoration Preservation Masonry, Inc. v. Grove Europe Ltd., 325 F.3d 54, 60 (1st Cir. 2003).

Under an abuse-of-discretion standard, this is not a close case. Paez had to know from the start that his prospects in the removal proceeding for obtaining a visa based on marriage were doubtful. Yet between February and mid-April 2003, he did not pursue a labor certification. Although Paez says that the immigration judge gave no reason for refusing the initial continuance for this purpose, in context it is apparent that she accepted the government's argument of undue delay.

When Paez renewed the request on April 17, he still had not actually filed a visa application based on a labor certificate (and he may not have even filed the labor certification application). Contra Matter of Garcia, 16 I & N Dec. 653, 657 (BIA 1978), quoted in Oluyemi v. INS, 902 F.2d 1032, 1034 (1st Cir.

1990) (continuance encouraged when an alien has submitted a "prima facie approvable visa petition"). Yet the alien must first submit and have approved a labor certification application, then submit a visa petition based on the labor certification; only once that is approved is the alien eligible for permanent residency, see United States v. Ryan-Webster, 353 F.3d 353, 356 (4th Cir. 2003).

Finally, we reject Paez's contention that summary affirmance in his case was improper under 8 C.F.R. § 1003.1(a)(7)(ii), (e)(4)(i), (e)(6). Whatever the reviewability of the decision to act summarily, this case posed a fact-specific procedural matter and involved no new legal issues.

The petition for review is denied.