

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-21-2005

# Faustino v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4229

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Faustino v. Atty Gen USA" (2005). *2005 Decisions.* Paper 798.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/798

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-4229

ALFREDO FAUSTINO,
Petitioner

v.

ALBERTO GONZALES,
Attorney General of the United States,
Respondent

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A95-833-789)

Submitted Under Third Circuit LAR 34.1(a)
June 29, 2005

Before:  ROTH, RENDELL and BARRY, Circuit Judges.

(Filed: July 21, 2005)

OPINION OF THE COURT

RENDELL, Circuit Judge.

Appellant Alfredo Faustino petitions this Court for review of a final order of the

Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial

of his motion for a continuance and granting him voluntary departure. For the following reasons, we will deny the petition for review.

## I. Factual and Procedural Background

As we write solely for the parties, our recitation of the facts will be limited to those necessary to our determination. Faustino, a native and citizen of Portugal, entered the United States without inspection in 1991. On May 1, 2003, the Department of Homeland Security ("DHS") commenced removal proceedings against him by serving him with a Notice to Appear. On July 24, 2003, Faustino appeared at his Master Hearing without counsel, and was granted a continuance of two weeks in order to obtain counsel.

At his removal proceedings on August 7, 2003, Faustino conceded removability and requested a continuance in order to pursue a pending labor certification application filed with the New Jersey Department of Labor on April 29, 2001.[1] Faustino requested that in the alternative, the IJ grant him voluntary departure. The Attorney General did not object to Faustino's request for a brief continuance. When asked, however, Faustino did not know when his labor certification application would be adjudicated, and indicated that

---

[1] Under INA § 245(i)(1), an alien physically present in the United States, who is the beneficiary of:

(i) a petition for classification under section 204 that was filed with the Attorney General on or before April 30, 2001; or

(ii) an application for a labor certification under section 212(a)(5)(A) that was filed pursuant to the regulations of the Secretary of Labor on or before such date; . . . may apply to the Attorney General for the adjustment of his or her status to that of an alien lawfully admitted for permanent residence.

8 U.S.C. § 1255(i)(1).

it might be completed within six months. The IJ, explaining that the labor certification application had been pending for more than two years and that he was not inclined to grant an indefinite adjournment, denied Faustino's request and granted him voluntary departure. Faustino timely appealed to the BIA.

At his hearing before the BIA, Faustino asserted that he should have been granted a continuance to allow for the adjudication of his pending labor certification application. The BIA adopted and affirmed the IJ's decision, and determined that Faustino did not demonstrate eligibility for adjustment of status because he "lacked both an approved visa petition and an approved labor certification."[2] (Oct. 8, 2004 BIA Op. at 1.) The BIA found that the IJ did not err in denying the continuance request, and that in light of his failure to establish eligibility for adjustment of status, Faustino did not demonstrate any prejudice that would constitute a due process violation. The instant petition followed.

## II. Standard of Review

We have jurisdiction to review final orders of the BIA under 8 U.S.C. § 1252(b)(2). *Ponce-Leiva v. Ashcroft*, 331 F.3d 369, 371 (3d Cir. 2003). We review the

---

[2] INA § 245(i)(2) provides that upon receipt of such an application, the Attorney General may adjust the status of the alien to that of an alien lawfully admitted for permanent residence if:
> (A) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence; and
> (B) an immigrant visa is immediately available to the alien at the time the application is filed.

8 U.S.C. § 1255(i)(2).

3

BIA's affirmance of the IJ's denial of a continuance request for abuse of discretion. *Id*. at 377. Under an abuse of discretion standard, the BIA's decision should only be reversed if it is arbitrary, irrational or contrary to law. *Tipu v. INS*, 20 F.3d 580, 582 (3d Cir. 1994). Ordinarily, we review only the decision of the BIA, not that of the IJ. *Abdulai v. Ashcroft*, 239 F.3d 542, 548-49 (3d Cir. 2001). However, where, as here, the BIA expressly adopts or defers to a finding of the IJ, the Court also reviews those parts of the IJ's opinion. *Id*. at 549, n.2.

### III. Discussion

Faustino contends that the BIA abused its discretion in affirming and adopting the IJ's decision to deny his Motion for Continuance despite his pending labor certification application. We have said that:

> the question whether denial of a continuance in an immigration proceeding constitutes an abuse of discretion cannot be decided through the application of bright-line rules; it must be resolved on a case by case basis according to the facts and circumstances of each case.

*Ponce-Leiva*, 331 F.3d at 377 (*quoting Baires v. INS*, 856 F.2d 89, 91 (9ᵗʰ Cir. 1988) (citation omitted). In this case, the BIA justified its affirmance of the IJ's decision on the basis that Faustino lacked both an approved visa petition and an approved labor certification, thus he had not established eligibility for adjustment of status. Given Faustino's failure to offer evidence that he was eligible for an immigrant visa or that one was immediately available to him at the time the application was filed, and that the decision to adjust the status of an alien is ultimately within the discretion of the Attorney

4

General, the BIA did not abuse its discretion in affirming the IJ's denial of Faustino's continuance request. *Id*. at 371 (holding the immigration judge's denial of a continuance request did not constitute an abuse of discretion); *Onyeme v. INS*, 146 F.3d 227, 233 (4th Cir. 1998) (holding the BIA did not err in affirming the IJ's denial of a continuance request where there was no prima facie approvable visa petition pending and alien had not applied for status adjustment); *Oluyemi v. INS*, 902 F.2d 1032, 1033-34 (1st Cir. 1990) (holding no abuse of discretion where IJ denied alien's request for continuance because alien had no immigrant visa available and it was unlikely Attorney General would exercise discretion to permit excludable alien to stay). Therefore, the BIA did not abuse its discretion when it affirmed the IJ's decision to deny a continuance request because Faustino failed to meet the statutory requirements for adjustment of status under INA § 245(i).

Faustino further contends that he was denied due process when the BIA affirmed the IJ's finding that he was ineligible for adjustment of status pursuant to INA § 245(i). In light of Faustino's failure to provide evidence that his labor certification application would soon be adjudicated coupled with his failure to demonstrate any prejudice that would constitute a due process violation, this argument is without merit. Moreover, an alien's eligibility for a particular procedure, e.g., adjustment of status, is not a protected liberty interest. *Kovats v. Rutgers*, 822 F.2d 1303, 1314 (3d Cir. 1987) ("The Supreme Court has made clear that promises of specific procedures do not create interests

5

protected by the Due Process Clause.") (citing *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)).  Thus, Faustino's due process argument fails.

As a result of Faustino's failure to establish eligibility for adjustment of status and any prejudice that would constitute a due process violation, we conclude that the BIA's affirmance of the IJ's denial of a motion for continuance was not an abuse of discretion, and did not result in a violation of Faustino's due process rights.  For the reasons set forth above, we will deny the petition for review.

_____