Andrew Bamidele BULL, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, an agency of the United States Department of Justice, Respondent.

No. 85–5888

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

June 3, 1986.

As Amended June 24, 1986.

Edgardo V. Caturla, Miami, Fla., for petitioner.

Allen W. Hausman, U.S. Dept. of Justice, Civil Div., Donald A. Couvillon, Alison R. Drucker, Washington, D.C., for respondent.

Before FAY, JOHNSON and CLARK, Circuit Judges.

PER CURIAM:

At his deportation hearing, Andrew Bamidele Bull requested a continuance from the immigration judge so that he might file an application for adjustment of status to lawful permanent resident based upon his marriage of over a year to a United States citizen. Despite the fact that Bull's wife had already filed, and was merely awaiting government approval of, the petition for an immediate relative visa which would be a prerequisite to an adjustment of Bull's status, the immigration judge refused the request for a continuance. Finding that refusal an abuse of discretion, we vacate and remand.

I.

Petitioner, Andrew Bull, lawfully entered the United States from Nigeria on a student visa in 1981. In August, 1982, he pled guilty to a charge of passing a bad check in Florida and was given 18 months probation. Bull ceased attending school in early 1984 but remained in this country. He subsequently married a United States citi-

zen in May of 1984.[1] Bull was arrested by the Immigration and Naturalization Service on June 19, 1985. Two days later, his wife filed her petition for an immediate relative visa for Bull. Then, on June 24, deportation proceedings were brought against Bull under 8 U.S.C. § 1251(a)(9) on the grounds that, since he was no longer a student, he had "failed to maintain the nonimmigrant status in which he was admitted."

At his deportation hearing, petitioner admitted deportability as charged but requested a continuance in order to file an application for adjustment of status to lawful permanent resident pursuant to 8 U.S.C. § 1255(a) and based upon his marriage to a citizen of the United States. The immigration judge denied the request for a continuance and ordered Bull deported, stating the following in support of his denial of a continuance:

> For the reason that the immigrant petition, [for a visa for the spouse of a United States citizen], was not filed until some three days prior to the issuance of an Order to Show Cause in this matter, and a substantial time after the respondent's marriage to a United States citizen, and because of the fact ... that the respondent has a criminal conviction on his record and is not fully and clearly eligible for the relief of adjustment of status, I will in the exercise of discretion deny a continuance in this matter, pending those applications.

Record at 21–22. Without benefit of oral argument or a transcript of the hearing before the immigration judge [see Record at 7, 20], the Board of Immigration Appeals affirmed the decision of the immigration judge, stating:

> We further conclude that the immigration judge properly denied the respondent's requests for a continuance....

The immediate relative visa petition filed on behalf of the respondent had not been approved at the time of the hearing. Nor had the respondent filed an application for adjustment of status.... Moreover, the burden was on the respondent to show statutory eligibility for adjustment of status ... and that he warranted the requested relief in the exercise of discretion. We conclude, as did the immigration judge, that he failed to meet his burden.

... An alien convicted of a crime involving moral turpitude is not admissible to the United States, absent a waiver.... Such alien is therefore statutorily ineligible for adjustment of status.... As the respondent has not established statutory eligibility or that he warrants a favorable exercise of discretion, the immigration judge's decision was correct.

Record at 7 (citations omitted). In sum, Bull's request for a continuance was denied because the immigration judge and the Board of Immigration Appeals felt that he and his wife had been too late in commencing the official procedure to obtain an adjustment of status and that, in any case, his adjustment application would be denied as a result of his Florida guilty plea.

## II.

In order to qualify for adjustment of status, an alien must establish that: (1) an immigrant visa is immediately available to him at the time his application is filed; and (2) he is eligible to receive an immigrant visa and is admissible to the United States for permanent residence. 8 U.S.C. § 1255(a). The immigration judge and the Board of Immigration Appeals refused Bull's request for a continuance because they concluded that his adjustment applica-

---

1. The firmly stated but erroneous contention of the Immigration and Naturalization Service that Bull was not married until May 26, 1985 (Brief for the I.N.S. at 2) to the contrary notwithstanding, the copy of Bull's "Certificate of Marriage" found in the Record at 26 clearly indicates that he was married "on 5/26/84 at Miami, Florida." Indeed, that same page in the Record indicates that the marriage license was issued on May 15, 1984 and that the marriage was recorded by the Clerk of Court on June 8, 1984. The statement that the marriage did not occur until May, 1985 (a matter of days before deportation proceedings were commenced) is an error that counsel for the government should have been careful to avoid—in light of the consequent implication that the marriage might have been a mere subterfuge to avoid deportation.

tion would ultimately be denied because he would not be able to meet either of these requirements. Quite the contrary is, in fact, the case: a careful consideration of our immigration laws and regulations reveals that Bull may indeed meet both of these requirements. Therefore, since the conclusion upon which the denial of the request for a continuance was based is incorrect, that denial constitutes an abuse of discretion.

### A.

At first glance, the conclusion of the immigration judge and Board of Immigration Appeals that, even if Bull had been granted the continuance and subsequently filed his adjustment application, he would nevertheless not have qualified for adjustment because an immigrant visa was not immediately available to him seems quite sound. Although Bull's wife had filed the requisite petition to obtain a visa for him, it had not been approved as of the time of the request for a continuance, and, based upon the time normally required to process such a petition, it was likely that any approval of it would not be forthcoming for some time.

■ However, a reading of the Immigration and Naturalization Service's own Operations Instructions and a prior opinion from the Board of Immigration Appeals belies that conclusion. In Operations Instruction 242.1(a)(23), the I.N.S. adopted a policy of refraining from either deporting or instituting proceedings against the beneficiary of a prima facie approvable visa petition if approval of the petition would make the beneficiary immediately eligible for adjustment of status.

Pending final adjudication of a petition which has been filed, the district director will not deport, or institute proceedings against, the beneficiary of the petition if approval of the petition would make the beneficiary immediately eligible for adjustment of status under section 245 of the Act or for voluntary departure under the Service policy set forth in Operations Instruction 242.10(a)(6)(i). The district director may, however, seek to deport or

institute proceedings against the beneficiary when it is determined that the petition is frivolous or there are substantial adverse factors which, based on the district director's opinion, would probably lead to the denial of adjustment of status or extended voluntary departure in the exercise of discretion.

Operations Instruction 242.1(a)(23). Furthermore, as the Board of Immigration Appeals itself explained in *In re Garcia,* 16 I. & N. Dec. 653, 656 (BIA 1978) (emphasis in original):

The normal procedure, then, where such petition and adjustment application have been accepted for processing by the District Director prior to the issuance of an Order to Show Cause, is to hold the adjustment application in abeyance pending final adjudication of the visa petition. By virtue of Operations Instruction 242.1(a)(25) [now renumbered 242.1(a)(23)], an Order to Show Cause will not ordinarily be issued in the meantime.

The Instruction is not, however, limited to cases in which the visa petition and adjustment application are submitted to the District Director prior to the institution of deportation proceedings but, rather, proscribes as well the *deportation* of a beneficiary of an unadjudicated visa petition who has made a colorable showing of eligibility for adjustment of status on the basis of his claimed preference status. Thus, it is clear from the express language of Operations Instruction 242.1(a)(25) that its underlying policy of allowing a prima facie qualified beneficiary of a visa petition to remain in the United States pending final adjudication of the petition and adjustment application was intended to apply to an alien who, although indisputably deportable, can demonstrate a substantial claim to relief from deportation under section 245 of the Act [8 U.S.C. § 1255].

Recognizing that "the benefit bestowed by the regulation would be illusory were such alien to become or remain subject to the execution of an order of deportation during the processing period," the Board held that

"discretion should, as a general rule, be favorably exercised where a prima facie approvable visa petition and adjustment application have been submitted in the course of a deportation hearing or upon a motion to reopen." *Id.* at 655, 657. Thus, the fact that the petition for an immigrant visa had not yet been approved at the time that Bull requested a continuance was not, in and of itself, sufficient reason to deny the continuance.

### B.

The Board in *Garcia* went on to state:

We do not intend, by our holding, to establish an inflexible rule requiring the immigration judge in all cases to continue the deportation proceedings at the initial hearing or on remand or, in another procedural context, to reopen the proceedings pending final adjudication by the District Director of the visa petition. It clearly would not be an abuse of discretion for the immigration judge to summarily deny a request for a continuance or a motion to reopen upon his determination that the visa petition is frivolous or that the adjustment application would be denied on statutory grounds or in the exercise of discretion notwithstanding the approval of the petition.

*Id.* at 657.[2]

Again, at first glance, the decisions of the immigration judge and the Board to deny the continuance because "the respondent has a criminal conviction on his record and is not fully and clearly eligible for the relief of adjustment of status," Record at 22, seem proper because, under 8 U.S.C. § 1182(a)(9), aliens who have been convicted of, or who admit having committed, a crime involving moral turpitude are ineligible to receive visas and are excludable from admission into the United States. Thus, based upon this statute, the requirement for adjustment of status in 8 U.S.C.

§ 1255(a)(2) that "the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence," and Bull's guilty plea in Florida to the charge of passing a bad check, "the immigration judge ... summarily den[ied] a request for a continuance ... upon his determination ... that the adjustment application would be denied on statutory grounds ... notwithstanding the approval of the petition." *Garcia,* 16 I. & N. Dec. at 657.

As *Garcia* makes clear, this denial of the request for a continuance based upon the conclusion that Bull's guilty plea makes him statutorily ineligible for adjustment of status would not be an abuse of discretion were that conclusion correct. What makes for an abuse of discretion in this instance is that the legal conclusion upon which the denial was based is incorrect. While 8 U.S.C. § 1182(a)(9) would seem to make Bull statutorily ineligible as a result of his Florida guilty plea, § 1182(h) provides an exception to § 1182(a)(9) for the spouse of a United States citizen, allowing him to be issued a visa and admitted to the United States for permanent residence if he can establish (A) that his exclusion will result in extreme hardship to his United States citizen wife and (B) that his admission into this country "would not be contrary to the national welfare, safety, or security of the United States." 8 U.S.C. § 1182(h). *See Mattis v. INS,* 774 F.2d 965, 967 (9th Cir. 1985).

In light of § 1182(h), Bull's request for a continuance could still have been denied if it had been determined that his deportation would not result in hardship to his wife or in the even more unlikely event that it was decided that his continued presence in this country constituted a threat to national security. However, since there is no mention in either the opinion of the

---

**2.** This language in *Garcia* substantially tracks the following portion of Operations Instruction 242.1(a)(23):

The district director may, however, seek to deport or institute proceedings against the beneficiary when it is determined that the

petition is frivolous or there are substantial adverse factors which, based on the district director's opinion, would probably lead to denial of adjustment of status or extended voluntary departure in the exercise of discretion.

immigration judge or that of the Board of Immigration Appeals of any such finding or even of the consideration of § 1182(h), we must assume that they failed to consider Bull's request for a continuance in light of the statutory eligibility for adjustment of status available to him under § 1182(h).[3] *Cf. Mattis,* 774 F.2d at 967–69.

### III.

We, therefore, vacate the order of July 12, 1985 denying Bull's request for a continuance and ordering his deportation and remand for further proceedings consistent with this opinion.

VACATED and REMANDED.

---

**3.** The Brief for the I.N.S. at 13–14 argues that Bull has never met his burden of showing that his deportation would result in hardship to his wife. However, whether he met that burden or not is of no consequence here since neither the Board nor the immigration judge articulated this as a basis for their decision. *Mattis,* 774 F.2d at 967 ("the BIA's denial of relief can be affirmed only on the basis articulated in the decision"); *Batoon v. I.N.S.,* 707 F.2d 399, 401–02 (9th Cir.1983) (cannot assume that the BIA considered factors that it failed to mention in its decision); *Ro v. I.N.S.,* 670 F.2d 114, 116 (9th Cir.1982) ("A BIA decision can be affirmed only on the basis articulated in the decision."); *Phinpathya v. I.N.S.,* 673 F.2d 1013, 1020 (9th Cir.

1981); *Patel v. I.N.S.,* 638 F.2d 1199, 1201 (9th Cir.1980). Appellant has argued his eligibility for a waiver of excludability under § 1182(h), and the government was aware of the potential for such a waiver, Record at 19; thus, the failure of the Board and the immigration judge to consider the exception available under § 1182(h) in their written decisions denying Bull a continuance must be taxed against them as their error.