[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 03-14875
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 22, 2005
THOMAS K. KAHN
CLERK

BIA No. A77-013-328

JEAN MARTELLY BRICE,

                                                        Petitioner,

versus

UNITED STATES ATTORNEY GENERAL,

                                                        Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

(December 22, 2005)

Before BIRCH, KRAVITCH and GIBSON\*, Circuit Judges.

PER CURIAM:

_____

\*Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

Jean Brice requests review of a denial of a motion to reconsider a motion to reopen his proceedings and a request for sua sponte reopening. Because the Board of Immigration Appeals ("BIA") was within its broad discretion, we DENY his petition.

## I. BACKGROUND

Brice is a native and citizen of Haiti. On 29 September 2000, he sought entry into the United States using a fraudulent passport. The Immigration and Naturalization Service subsequently charged him with removability as an alien who sought admission into the United States using fraud and who intended to immigrate without a valid entry document in violation of 8 U.S.C. § 1182(a)(6)(C)(i), (a)(7)(A)(i)(I). An immigration judge denied Brice's claims for relief from removal in the form of asylum and withholding and his requested protection under the Convention Against Torture.

Brice appealed the decision of the immigration judge to the BIA, which denied his appeal. Brice failed to petition this court to review that decision. Instead, he asked the BIA to reopen proceedings, which motion the BIA denied because Brice had not demonstrated that an immigrant visa was immediately available to him. Brice then made an untimely motion for reconsideration of the denial of reopening and requested sua sponte reopening. The BIA denied both the

2

motion to reconsider and the motion for sua sponte reopening.  Brice asks us to review these last decisions of the BIA.

## II. DISCUSSION

We "are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004) (citation omitted).  While we generally have jurisdiction to review final orders of removal, the petition for review must be filed not later than thirty days after the date of the final order of removal.  See 8 U.S.C. § 1252(a)(1), (b)(1).  An order of removal becomes final when the BIA dismisses a petitioner's appeal.  8 C.F.R. § 1241.1(a).

We have held that, "[s]ince the statutory limit for filing a petition for review in an immigration proceeding is 'mandatory and jurisdictional,' it is not subject to equitable tolling. . . .  Furthermore, the filing deadline is not suspended or tolled by the fact that [the petitioner] filed a [timely] motion to reopen the removal proceedings . . . after issuance of the final order of removal." Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (per curiam) (citing Stone v. INS, 514 U.S. 386, 405, 115 S. Ct. 1537, 1549 (1995)).  Thus, we do not have jurisdiction to entertain Brice's challenge to proceedings prior to the most recent denial of his motions for reconsideration and sua sponte reopening, because those

3

proceedings were not timely appealed.

We do have jurisdiction to review the BIA denial of Brice's motion to reconsider and review such motions for an abuse of discretion. See Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003). A motion to reconsider "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." 8 U.S.C. § 1229a(c)(5)(C).[1] "Judicial review of denials of discretionary relief incident to deportation proceedings . . . is limited to determining 'whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious.'" Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir. 1985) (per curiam) (citation omitted) (addressing a motion to reopen). Motions to reconsider are disfavored, especially in a deportation proceeding, "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." INS v. Doherty, 502 U.S. 314, 323, 112 S. Ct. 719, 724–25 (1992).

In this case, the BIA made three rulings in the order denying Brice's motion for reconsideration: (1) it denied the motion to reconsider in July of a January order as time barred; (2) it denied the motion for reconsideration of the June order for failure to state a factual or legal defect in the decision to deny Brice a "V" visa;

---

[1] It appears that 8 U.S.C. § 1229a(c)(5)(C) will become 8 U.S.C. § 1229a(c)(6)(C) in the next edition of the United States Code as a result of the REAL ID Act. See REAL ID Act of 2005, Pub. L. 109-13, 119 Stat. 231.

(3) it declined to exercise sua sponte authority to reopen the proceedings. Brice cannot challenge the first decision[2] and conceded the second at oral argument,[3] so we need address only the BIA's decision not to exercise its sua sponte authority to reopen.

The BIA has "the discretion to reopen immigration proceedings in situations where federal courts lack the legal authority to mandate reopening." Anin v. Reno, 188 F.3d 1273, 1279 (11th Cir. 1999). We have observed that 8 C.F.R. § 1003.2(a) "gives the BIA non-reviewable discretion to dismiss [a petitioner's] claim." Id.

---

[2] Citing Patel v. Attorney General, 334 F.3d 1259, 1263 (11th Cir. 2004), Brice asserts in his brief and supplemental filings that we may review "substantial constitutional" challenges. Brice argues that new factual circumstances warrant our, or at least the BIA's, review. However, new facts may not be raised in a motion to reconsider because a motion to reconsider requires a decisionmaker to consider only the circumstances that existed when the decision was originally made. Zhao v. U.S. Dep't of Justice, 265 F.3d 83, 90 (2d Cir. 2001). We may not consider the new facts submitted by Brice in his appellate brief for the same reason. See Csekinek v. INS, 391 F.3d 819, 823 (6th Cir. 2004).

Citing Bull v. INS, 790 F.2d 869, 871 (11th Cir. 1986), Brice argues that he is entitled to the relief he sought, because his eligibility date has arrived since his January 2003 motion to reopen was filed. The inevitability of the subsequent arrival of an eligibility date is an important reason that motions to reconsider are reviewed on appeal as of the record at the time of the determination in question. As was observed by the BIA, Brice did not have a visa immediately available at the time of the initial decision. We therefore do not read Brice's claim under Bull as establishing a violation of his due process rights, as such a determination would thwart Congress's intent.

Because he does not allege any facts from the administrative record that demonstrate a deprivation of procedural due process nor cite a single case in support of such a claim, we construe Brice's constitutional argument as couched in vague substantive due process language regarding the inherent unfairness of the application of the immigration laws to his case. Such a vague allegation is insufficient to state a claim of substantial constitutional violation such that we would have jurisdiction to examine claims that are otherwise procedurally barred.

[3] Brice conceded at oral argument that because of changed circumstances, he is no longer eligible for a "V" Visa under 8 C.F.R. § 214.15. We accept this waiver of the argument advanced in his brief and, therefore, do not address it.

5

The BIA is not required "to reopen a deportation proceeding under any set of particular circumstances. Instead, the provision merely provides the BIA the discretion to reopen immigration proceedings as it sees fit." Id. Thus, there was no abuse of discretion when the BIA did not exercise its sua sponte authority to reopen Brice's proceedings.

### III. CONCLUSION

Brice has failed to show that he is entitled to relief from the BIA's denial of his motion to reconsider and his motion for sua sponte review. The BIA was within its discretion to deny these motions. **PETITION DENIED**.