[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 14, 2006
THOMAS K. KAHN
CLERK

No. 05-13466
Non-Argument Calendar

_____

BIA No. A96-114-116

ALI AWAR,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(September 14, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Ali Awar, a native of India and citizen of Pakistan, petitions for review of

the denial of his motion to continue his removal proceeding. The Board of Immigration Appeals affirmed the denial of Awar's motion by the Immigration Judge because it concluded that Awar was not "eligible to receive an immigrant visa." 8 U.S.C. § 1255(i)(2)(A). Because Awar failed to file an I-485 application for adjustment of status, we deny Awar's petition.

Awar entered the United States on December 14, 1995, as a non-immigrant with authorization to remain until December 19, 1995. In March 2003, the Immigration and Naturalization Service issued Awar a notice to appear that charged him with removability. See 8 U.S.C. § 1227(a)(1)(B). Awar conceded removability, but moved for a continuance of the proceeding based on his pending employment-based visa application. In support of his motion, Awar submitted an I-140 "Immigrant Petition For Alien Worker" form filed on his behalf by Maharaja Investments; an application filed on April 31, 2001, with the Department of Labor for employment certification; and a letter from the DOL that accepted and certified his application. Awar did not file a form I-485 for adjustment of status.

The IJ denied Awar's motion for a continuance because the IJ concluded that the pending visa petition did not entitle Awar to a continuance. The IJ distinguished decisions that granted continuances to family-based petitions because "a familial bond is permanent one" and "[a] valid labor certification[, which] evidences only a job offer." Awar appealed the decision of the IJ to the BIA, but

the BIA affirmed the decision without opinion.

Awar argues that he was entitled to a continuance because he established a prima facie approvable petition for an employment-based visa.  We review the decision of the BIA, except to the extent that the BIA expressly adopts the decision of the IJ.  Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).  We review the IJ's discretionary decision to deny a motion for a continuance for abuse of discretion.  See Bull v. INS, 790 F.2d 869, 872 (11th Cir. 1986).

The IJ has broad discretion to grant continuances "for good cause shown."  8 C.F.R. § 1003.29; see Zafar v. U.S. Att'y Gen., ___ F.3d ___, slip op. at 12–13 (11th Cir. Aug. 24, 2006).  An alien establishes "good cause" if the immigrant presents prima facie eligibility for adjustment of status.  See Zafar, ___ F.3d ___, slip op. at 13.  An alien lawfully in the United States is eligible for adjustment of status if "(1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed."  8 U.S.C. § 1255(a).  An alien who unlawfully remains in the United States may file for an adjustment of status if

> (1) the alien pays the applicable fees and the alien is physically
> present in the United States at the time the alien applies for adjustment
> of status; (2) the alien was physically present in the United States on
> December 21, 2000; and (3) the alien is the beneficiary of an
> application for a labor certificate that was filed on or before April 30,

3

2001.

Zafar, ___ F.3d ___, slip op. at 15–16.

So far as we can tell, Awar was not "eligible for adjustment of status" because the record does not contain a copy of Awar's I-485 Form for an adjustment of status.  An alien has the burden to show "good cause" to continue the proceedings, but Awar failed to submit a copy of his I-485 Form, which is the first requirement to establish eligibility for adjustment of status.  8 C.F.R. § 1003.29.  According to the record, Awar has not "successfully completed all actions required by [section] 1255(i) to be performed by him."  Merchant v. U.S. Att'y Gen., ___ F.3d ___, slip op. at 8–9 (11th Cir. 2006); see 8 C.F.R. § 245.10(b) (requiring the alien to file a Form I-485 application and Supplement A with a fee).  Because Awar has not provided credible evidence that he filed an I-485 Form, we cannot say it was an abuse of discretion for the IJ to deny Awar's motion for a continuance.

Awar's petition is

**DENIED.**

4