[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-11370
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 16, 2007
THOMAS K. KAHN
CLERK

BIA No. A96-285-052

HECTOR HUGO SANTILLAN,

Petitioner.

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(October 16, 2007)**

Before TJOFLAT, BLACK and HULL, Circuit Judges.

PER CURIAM:

Hector Hugo Santillan, a citizen of Argentina, appeals the Board of Immigration Appeals' (BIA's) decision adopting and affirming the Immigration Judge's (IJ's) denial of his application for asylum, 8 U.S.C. § 1158, and withholding of removal under the Immigration and Nationality Act (INA),[1] 8 U.S.C. § 1231(b)(3). Santillan also appeals the IJ's denial of his fourth motion to continue his removal and asylum proceedings, 8 C.F.R. § 1003.29. We dismiss his petition in part, and deny his petition in part.

## I. STANDARD OF REVIEW

When the BIA issues a decision, we review only that decision, except to the extent the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Because the BIA adopted the IJ's decision and made some findings of its own, we will review both decisions.

To the extent the BIA's or IJ's decision was based on a legal determination, review is *de novo*. *Mohammed v. Ashcroft*, 261 F.3d 1244, 1247-48 (11th Cir. 2001). Factual determinations are reviewed under the substantial evidence test, and we "must affirm the . . . decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Al Najjar*, 257 F.3d

---

[1] Santillan does not raise any challenge in his brief to the denial of relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment. 8 C.F.R. § 208.16(c). Thus, he has abandoned this issue. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

2

at 1283-84 (citation omitted). "To reverse . . . fact findings, we must find that the record not only supports reversal, but compels it." *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003).

## II. DISCUSSION

A. *Asylum*

An asylum application must be "filed within [one] year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). An untimely application "may be considered . . . if the alien demonstrates . . . either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application . . . ." 8 U.S.C. § 1158(a)(2)(D). The determination of whether an alien can apply for asylum, however, is left exclusively to the Attorney General, and we do not have jurisdiction to review a decision regarding whether an alien complied with the one-year time limit or established extraordinary circumstances that would excuse his untimely filing. *Chacon-Botero v. U.S. Att'y Gen.*, 427 F.3d 954, 956-957 (11th Cir. 2005). Thus, we do not have jurisdiction to review the IJ's determination that Santillan's asylum claim was untimely or established extraordinary circumstances that excused Santillan's untimely filing.

3

B. *Withholding of Removal*

"An alien seeking withholding of removal under the INA must show that his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion." *Mendoza*, 327 F.3d at 1287. "An alien bears the burden of demonstrating that he more-likely-than-not would be persecuted or tortured upon his return to the country in question." *Id*.

> If the alien establishes past persecution in his country based on a protected ground, it is presumed that his life or freedom would be threatened upon return to his country unless the Department of Homeland Security shows by a preponderance of the evidence that, among other things . . . that the alien could avoid a future threat to his life or freedom by relocating to another part of the proposed country of removal, and it would be reasonable to expect him to do so.

*Id*.

Even assuming, *arguendo*, that Santillan suffered past persecution on account of a protected ground, substantial evidence supports the IJ's and BIA's determination that Santillan was not entitled to withholding of removal. Specifically, Santillan was able to live at his father's house in Argentina for three years without incident. Thus, a preponderance of the evidence show Santillan could avoid a future threat to his life or freedom by relocating to another part of Argentina, and it is reasonable to expect him to do so. Santillan has presented no evidence to rebut this presumption; indeed, his own testimony demonstrates he has an internal relocation alternative.

4

C.  *Motion for Continuance*

We review the denial of a motion for continuance for abuse of discretion. *Haswanee v. U.S. Att'y Gen.*, 471 F.3d 1212, 1214 (11th Cir. 2006).  The immigration regulations provide the IJ may grant a continuance "for good cause shown."  8 C.F.R. § 1003.29.  "[D]iscretion should, as a general rule, be favorably exercised where a prima facie approvable visa petition and adjustment application have been submitted in the course of a deportation hearing . . . ."  *Bull v. I.N.S.*, 790 F.2d 869, 872 (11th Cir. 1986) (citation omitted).  It is not an abuse of discretion, however, for an IJ to summarily deny a request for continuance upon his determination that the visa petition is frivolous, the adjustment application would be denied on statutory grounds, or in the exercise of discretion notwithstanding the approval of the petition.  *Id.*

Under a post-*Bull* revision to the INA, an alien seeking to receive an immigrant visa on the basis of a marriage which was entered into during removal proceedings may not have their status adjusted unless they establish by clear and convincing evidence, to the satisfaction of the attorney general, that the marriage was entered into in good faith.  8 U.S.C. § 1255(e).

The IJ did not abuse his discretion in denying Santillan's fourth request for a continuance.  First, Santillan filed a total of four motions for continuance.  Second, the IJ determined that Santillan had not presented a "prima facie approvable visa

5

application" because Santillan did not present clear and convincing evidence that his marriage was entered into in good faith. Santillan's new wife had been married and divorced 4 times in the 19 years leading up to their marriage. Further, Santillan married his new wife five days after divorcing his first wife. While Santillan presented evidence showing his marriage was legal, he did not present other clear and convincing evidence his new marriage was entered into in good faith. Without presenting such clear and convincing evidence, the IJ did not abuse its discretion in refusing to grant a continuance. Accordingly, we dismiss the petition in part, and deny the petition in part.

**DISMISSED IN PART, DENIED IN PART.**