[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 26, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11254
Non-Argument Calendar
_____

BIA No. A41-685-500

MUTAZ ABDUL LATIF ARKEH,
a.k.a. Motaz Arkeh,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(November 26, 2007)**

Before BIRCH, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Mutaz Abdul Latif Arkeh petitions this Court for review of the Board of Immigration Appeals' (BIA's) final order dismissing his appeal and affirming the Immigration Judge's (IJ's) denial of his motion for continuance. Arkeh contends the IJ abused its discretion in denying the motion for continuance, and that the denial violated his due process rights. We deny Arkeh's petition.

We review an IJ's denial of a motion to continue for abuse of discretion.[1] *Zafar v. U.S. Attorney Gen.*, 461 F.3d 1357, 1362 (11th Cir. 2006) (noting "[b]ecause denials of motions to continue are not statutorily-proscribed discretionary acts 'specified under this subchapter' to the Attorney General, as enumerated in § 1252(a)(2)(B)(ii), we have jurisdiction to review them"). In addition, "[w]e have jurisdiction to review substantial constitutional claims raised in the immigration context." *Haswanee v. U.S. Att'y Gen.*, 471 F.3d 1212, 1218 (11th Cir. 2006).

"The Immigration Judge may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29. According to BIA precedent, "an immigration judge's decision denying [a] motion for continuance will not be reversed unless the alien establishes that [the] denial caused him actual prejudice and harm and

---

[1] The Government concedes that the criminal alien jurisdictional bar, 8 U.S.C. § 1252(a)(2)(C), does not apply here.

materially affected the outcome of his case." *Matter of Sibrun*, 18 I&N Dec. 354, 356-57 (BIA 1983).

We have found abuse of discretion in cases where the alien was found removable because he overstayed his visa but was *prima facie* qualified for an adjustment of status. *See, e.g.*, *Merchant v. U.S. Attorney Gen.*, 461 F.3d 1375, 1376-77, 1379 (11th Cir. 2006) (holding it was an abuse of discretion to deny alien's motion for continuance in removal proceedings where alien's request "was based on his having already obtained an approved labor certification and having already filed the Forms I-140 (petition for visa) and I-485 (for adjustment of status) with the DHS"); *Bull v. INS*, 790 F.2d 869, 869-71 (11th Cir. 1986) (holding the IJ and BIA abused their discretion when they denied petitioner's request for a continuance in order to file an application for an adjustment of status based on petitioner's marriage to a U.S. Citizen when petitioner's wife had already filed a petition for immediate relative visa); *but see Zafar*, 461 F.3d at 1365-66 (holding where an alien has only filed for a labor certificate, and completed no other steps, it was not an abuse of discretion to deny a motion for continuance of the alien's removal proceedings).

As an initial matter, although Arkeh states, without providing any documentation, that his wife Jennifer filed an I-130 petition at the time he appealed

to the BIA, he testified before the IJ that he did not believe Jennifer had done so. Thus, the IJ's refusal to continue the proceedings on this ground was not abusive.

Arkeh's assertion it was an abuse of discretion to deny the joint motion because Arkeh was unable to prepare his case in support of application under former INA § 212(c) is meritless. Both parties determined three days before the hearing that Arkeh would not be statutorily eligible for cancellation of removal because he committed a crime of moral turpitude within five years of his admission to the United States. Although Arkeh was aware of the facts necessary to make this determination at the time his Notice to Appear was issued, some 18 months earlier, he waited until almost the date of the hearing to file the § 212(c) application. The IJ allowed Arkeh to go forward on the § 212(c) application at the hearing, despite (1) the untimeliness of the application; and (2) the fact that Arkeh never requested an extension of the January 24, 2005, filing deadline.

The IJ did not act arbitrarily or capriciously in denying Arkeh's fourth request for a continuance in order for Arkeh to provide further documentation that was available at least two weeks prior to the hearing. In addition, Arkeh was notified by the FBI ten months before the hearing that the matter in which he was providing information for had been transferred to another FBI branch. Significantly, Arkeh did not specify in the motion how the information would support Arkeh's case.

4

Further, Arkeh's argument that he was prejudiced by the IJ's decision because he was unable to call his mother, father, and brother as witnesses is also without merit. The joint motion for continuance did not indicate that any of Arkeh's witnesses were unavailable to testify on September 12, 2005, and Arkeh never requested a continuance on that ground either in the motion or at the hearing. Moreover, the list of witnesses Arkeh filed with the court on August 31, 2005, did not contain the names of either his brother or his mother.

Thus, the IJ's denial of the motion for continuance was not an abuse of discretion. Arkeh did not show there was good cause for a continuance, nor did he establish the denial caused him actual prejudice and harm and materially affected the outcome of his case. Further, Arkeh's due process rights were not violated as a result of the denial of the joint motion for continuance because he did not have a constitutionally protected right to the discretionary relief. We deny Arkeh's petition for review.

**PETITION DENIED.**

5