[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 18, 2008
THOMAS K. KAHN
CLERK

_____

Nos. 07-11907
07-14153
Non-Argument Calendar

_____

Agency No. A97-949-938

JUAN DAVID DUQUE-SUAREZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals

_____

**(April 18, 2008)**

Before BIRCH, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

This is Juan David Duque-Suarez's appeal from the Board of Immigration Appeals' order affirming the immigration judge's denial of his application for asylum and withholding of removal, as well as from the BIA's denials of his separate motions to remand his case and to reconsider its earlier decision.

Duque-Suarez is a Colombian native and citizen who arrived in the United States in 2004 seeking asylum. Upon entry into this country, he was immediately detained, but was paroled until his removal proceeding could take place. Before his removal hearing, he married a United States citizen, who filed a family-based visa petition on his behalf. Duque-Suarez moved to continue his removal hearing to allow United States Citizenship and Immigration Services to review the visa petition. The IJ denied that motion and also denied his application for asylum. Duque-Suarez appealed to the BIA, which dismissed the appeal and denied his motions for remand and reconsideration.

**I.**

Duque-Suarez first contends that the BIA erred in affirming the IJ's adverse credibility determination on the ground that the evidence in the record compelled a finding that his testimony was credible, and that it was sufficient to support a finding of past persecution or a well-founded fear of future persecution. When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284

(11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." Id. Here, the BIA did not expressly adopt the IJ's reasoning, although it did rely on the IJ's adverse credibility determination. Accordingly, we will review the BIA's decision, but also will review the IJ's adverse credibility finding.

"To the extent that the BIA's decision was based on a legal determination, [our] review is de novo." D-Muhumed v. United States Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004). The BIA's factual determinations are reviewed under the substantial evidence test, and we must affirm the BIA's decisions that are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1284 (internal quotation marks omitted). The substantial evidence test is "deferential" and does not allow "re-weigh[ing] the evidence from scratch." Mazariegos v. United States Att'y Gen., 241 F.3d 1320, 1323 (11th Cir. 2001) (internal quotation marks omitted). "To reverse the . . . fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. United States Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

An alien may receive asylum if he can carry the burden of proving that he is a "refugee," which is defined as "any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable

or unwilling to avail [himself] . . . of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." Sepulveda v. United States Att'y Gen., 401 F.3d 1226, 1230 (11th Cir. 2005) (quoting 8 U.S.C. § 1101(a)(42)(A)). "A showing of past persecution creates a presumption of a 'well-founded fear,' subject to rebuttal by the [government]." Id. at 1231. If an alien does not establish past persecution, he bears the burden of showing that it is more likely than not that he will suffer persecution on the basis of a protected ground, and he would not be able to avoid persecution by relocating to another part of his country. 8 C.F.R. § 208.16(b)(2).

Withholding of removal may be granted if the alien establishes that, if returned to his country, his life or freedom would be threatened on account of his race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3). Where a claimant fails to establish eligibility for asylum, which carries a lower burden of proof than for withholding of removal, he likewise fails to establish eligibility for this other form of relief. See Al Najjar, 257 F.3d at 1293.

We have held that the IJ must "determine credibility, and we may not substitute our judgment for that of the IJ with respect to credibility findings." Yang v. United States Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). Thus, we

4

will defer to the IJ's credibility finding as we would to any factfinding, unless the evidence compels us to do otherwise. Id. Credible testimony of the applicant "may be sufficient to sustain the applicant's burden without corroboration." D-Muhumed, 388 F.3d at 818–19. "The weaker an applicant's testimony, however, the greater the need for corroborative evidence." Yang, 418 F.3d at 1201. Because applicants have the burden to establish eligibility for asylum, an adverse credibility determination alone may be sufficient to support an IJ's decision to deny an application for asylum, particularly where there is no other evidence of persecution. Forgue v. United States Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005). Once the IJ makes an adverse credibility determination, the burden shifts to the applicant to show that the determination was "not supported by specific, cogent reasons or was not based on substantial evidence." Chen v. United States Att'y Gen., 463 F.3d 1228, 1231 (11th Cir. 2006) (internal quotation marks omitted).

Here, the IJ made an adverse credibility determination based on omissions and inconsistencies in Duque-Suarez's testimony. Specifically, the IJ noted that there were significant omissions from the initial sworn statement Duque-Suarez gave upon entry into the United States. The IJ also found that his inability to remember the full name of a friend he claims was murdered by Colombian guerillas cast doubt on his credibility. On the basis of that adverse credibility determination, the BIA properly concluded that the IJ's determination was not

5

clearly erroneous, and that Duque-Suarez did not establish his eligibility for asylum or withholding of removal. Forgue, 401 F.3d at 1287.

## II.

### A.

Duque also contends that, although the BIA and IJ may have lacked jurisdiction over his adjustment application stemming from his marriage to an American citizen, the BIA still had jurisdiction to grant his motion for remand or to continue the case until the USCIS acted on his adjustment application.

We review the BIA's denial of Duque-Suarez's motion for remand under these circumstances only for an abuse of discretion. See generally Al Najjar, 257 F.3d at 1301 (stating that where a motion to remand seeks to reopen proceedings we review the BIA's disposition of that motion for an abuse of discretion); Bull v. INS, 790 F.2d 869, 869 (11th Cir. 1986) (noting that we review the BIA's decision to grant a continuance for an abuse of discretion).

Under the rule which was in effect when Duque-Suarez's motion to remand was being considered, the USCIS had exclusive jurisdiction over all adjustment of status applications for arriving aliens in removal proceedings, with one narrow exception that is not relevant to this appeal. See 8 C.F.R. § 1245.2(a)(1) (2003).[1]

---

[1] On May 12, 2006, regulations that prohibited arriving aliens in removal proceedings from adjusting status were deleted, and an interim rule clarified the eligibility of arriving aliens to have their adjustment applications considered while in removal proceedings. See 8 C.F.R. §

6

Duque-Suarez's motion to remand clearly requested that the BIA reopen his case and remand it to the IJ so that he could have the "opportunity to apply" for an adjustment of status before the IJ. The BIA correctly determined that Duque-Suarez was not eligible to apply for adjustment of status in removal proceedings because the USCIS had exclusive jurisdiction over adjustment applications filed by arriving aliens. See 8 C.F.R. § 1245.2(a)(1) (2003). Accordingly, the appropriate course of action for Duque-Suarez was to file an application for adjustment of status with the USCIS, which he already had done, and wait for this application to be adjudicated, independent of his removal proceedings. Therefore, the BIA did not abuse its discretion in denying his motion for remand.

B.

Duque-Suarez's final contention is that the BIA abused its discretion in denying his motion for reconsideration. We review the BIA's denial of that motion only for an abuse of discretion. Assa'ad v. United States Att'y Gen., 332 F.3d 1321, 1340–41 (11th Cir. 2003). The BIA did not abuse its discretion because Duque-Suarez did not specify any errors of law or fact in the BIA's previous order, and he attempted to raise issues that could have, and should have, been raised in his initial motion to remand. See 8 U.S.C. § 1229a(c)(6)(C) ("The motion [for reconsideration] shall specify the errors of law or fact in the previous

1245.2(a)(1) (2003); cf. 8 C.F.R. § 1245.2(a)(1) (2006).

7

order and shall be supported by pertinent authority."). It was not an abuse of discretion for the BIA to reject arguments raised for the first time in a motion for reconsideration where those arguments could have been raised earlier.

**PETITIONS DENIED.**