[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-13146
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 27, 2009
THOMAS K. KAHN
CLERK

Agency No. A99-189-073

CRISTINA SIMMS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(January 27, 2009)

Before TJOFLAT, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Cristina Simms, a citizen of Colombia, petitions for review of the Board of Immigration Appeals' ("BIA") decision, affirming the Immigration Judge's ("IJ") order denying her voluntary departure and a continuance of the removal proceedings. On appeal, Simms argues that: (1) the BIA erred by not giving her

the option of a post-hearing voluntary departure; and (2) the BIA abused its discretion by not granting her a continuance based on the pending appeal of the denial of her I-130 petition for adjustment of status. After careful review, we dismiss the petition in part, and deny it in part.

"We review subject matter jurisdiction de novo." Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003). We review the denial of a motion for a continuance for abuse of discretion. Bull v. INS, 790 F.2d 869, 871 (11th Cir. 1986). We review only the BIA's decision, except to the extent that the BIA adopts the IJ's reasoning. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Since, in the instant case, the BIA wrote its own opinion and did not adopt any part of the IJ's opinion, we will only review the BIA's opinion.

As an initial matter, we conclude that we lack jurisdiction over Simms' arguments concerning the voluntary departure. An IJ can grant a voluntary departure pursuant to the provisions of 8 U.S.C. § 1229c. However, Section 1229c(f) bars judicial review of the denial of a post-hearing voluntary departure, see 8 U.S.C. §§ 1229c(f), and Section 1252(a)(2)(B)(i) strips us of jurisdiction over any judgment concerning voluntary departure. See 8 U.S.C. § 1252(a)(2)(B)(i). Nonetheless, Section 1252 does not prevent us from considering constitutional challenges. See 8 U.S.C. § 1252(a)(2)(D).

2

Because Simms does not raise any constitutional challenges in her petition, and the statute deprives us of jurisdiction over judgments concerning voluntary departure, we lack jurisdiction to consider this issue. Accordingly, we dismiss this portion of Simms's petition.

Next, we are unpersuaded that the BIA abused its discretion by not granting Simms a continuance. An IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29. In Bull, we held that the IJ abuses its discretion if it denies a continuance to an alien while there is a pending final adjudication regarding that alien's status adjustment application and that alien "can demonstrate a substantial claim to relief from deportation." 790 F.2d at 871-73. However, we also held that the IJ does not abuse its discretion if it denies a continuance upon determining "that the visa petition is frivolous or that the adjustment application would be denied on statutory grounds or in the exercise of discretion notwithstanding the approval of the petition." Id. at 872. In addition, we quoted with approval language from an Immigration and Naturalization Service's ("INS") manual that permitted deportation when "there are substantial adverse factors which . . . would probably lead to the denial of adjustment of status." Id. at 871.

An alien who is married to a United States citizen can petition for a reclassification of her immigration status. 8 U.S.C. § 1154(a)(1)(A)(ii). That alien's citizen spouse also can petition for a change in the alien's status. Id. §

3

1154(a)(1)(A)(i). But a marriage that has been entered into for the sole purpose of evading the immigration laws will not result in a change of the alien's immigration status. 8 U.S.C. § 1154(c). The alien has the burden of showing that her "marriage was bona fide at its inception." Matter of Riero, 24 I. & N. Dec. 267, 269 (BIA 2007).

As applied here, the CIS's opinion denying Simms's I-130 petition serves as overwhelming evidence that Simms's marriage was not bona fide at its inception. This opinion cited numerous major discrepancies in the interview answers of Simms and her husband, including: (1) a discrepancy regarding who bought their engagement rings; (2) a discrepancy about how many years they have known each other; and (3) an inability to identify what religion each religious spouse practices. The opinion also noted that the interviewing officer did not observe any type of "married couple rapport" between Simms and her spouse. These major discrepancies and lack of rapport strongly suggest that Simms's marriage to her U.S. citizen spouse was entered into, at its inception, for the sole purpose of evading the immigration laws, thus, making Simms ineligible for immigration relief. See 8 U.S.C. § 1154(c). Therefore, it is extremely unlikely that Simms will prevail in her I-130 appeal, and because this is a substantial adverse factor that will lead to a denial of Simms's I-130 petition, the BIA did not abuse its discretion in denying Simms a continuance on that ground. See id.; Bull, 790 F.2d at 871.

4

In addition, the same adverse factor is present in Simms's subsequent I-130 petition because that petition is based on the same marriage. While Simms argues that she has provided, in her second I-130 petition, additional documentary evidence of being married to her husband, this evidence was only created after the denial of the first I-130 petition, and, therefore, it cannot overcome the strong inference that the marriage was fraudulent at its inception that resulted from Simms's interview with the CIS officer. Accordingly, the remaining part of Simms's petition is denied.

**PETITION DISMISSED IN PART, DENIED IN PART.**