[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13914
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 2, 2009
THOMAS K. KAHN
CLERK

Agency No. A95-906-202

JOVANA CAROLINA HERRERA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 2, 2009)

Before DUBINA, WILSON and FAY, Circuit Judges.

PER CURIAM:

Jovana Carolina Herrera, a native and citizen of Colombia, through counsel,

petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the denial of her request for a continuance and finding that she was not denied due process. Ms. Herrera argues that *Bull v. INS*, 790 F.2d 869 (11th Cir. 1986) (per curiam), mandated a continuance of her removal proceedings to permit adjudication of a recent, successive alien relative petition ("I-130 petition") filed by her current spouse immediately following the dissolution of her marriage from her first petitioning spouse. Additionally, Herrera contends that she was denied due process because the immigration judge ("IJ") denied the continuance motion based on the second I-130 visa petition and allegedly barred her from testifying at her removal hearing.[1]

## I.

We review only the BIA decision except to the extent the BIA expressly adopts the IJ's opinion or reasoning. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). When considering a petition to review a BIA final order, we review legal issues *de novo*. *Mohammed v. Ashcroft*, 261 F.3d 1244, 1247-48 (11th Cir. 2001). The BIA's factual findings are reviewed under the

---

[1] In her brief, Herrera references a motion to reopen removal proceeding upon approval of an I-130 petition. However, the record does not reflect that Herrera has filed such a motion or that such a motion has been denied. Therefore, the issue has not been raised, and we lack jurisdiction to review it. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (per curiam).

substantial evidence test. *Al Najjar*, 257 F.3d at 1284. Under this test, we must affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id*. (quotation omitted).

A motion for continuance of a hearing may be granted "for good cause shown." 8 C.F.R. § 1003.29. "The grant of a continuance is within the IJ's broad discretion." *Zafar v. U.S. Att'y Gen.*, 461 F.3d 1357, 1362 (11th Cir. 2006). We review denial of a motion for continuance for an abuse of discretion. *Id.* Under the abuse of discretion standard, "[j]udicial review of denials of discretionary relief incident to [removal] proceedings, . . . is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Garcia-Mir v. Smith*, 766 F.2d 1478, 1490 (11th Cir. 1985) (per curiam) (internal quotations omitted).

Adjustment of status based on an I-130 visa petition is a discretionary immigration benefit. We have explained that:

> The purpose of an I-130 is to establish that there is a legal relationship between the petitioner and the beneficiary of the I-130, such that the beneficiary is entitled to apply for a change or adjustment of status based on that legal relationship. If the beneficiary is the spouse of an United States citizen, as here, then the approved I-130 provides the evidentiary basis for the beneficiary's adjustment of status via Form I-485.

*Alvarez Acosta v. U.S. Att'y Gen.*, 524 F.3d 1191, 1194 n.6 (11th Cir. 2008).

Under INA § 245(a), 8 U.S.C. § 1255(a), the Attorney General may adjust an alien

beneficiary to a lawfully admitted permanent resident "if (1) the alien makes an

application for such adjustment, (2) the alien is eligible to receive an immigrant

visa and is admissible to the United States for permanent residence, and (3) an

immigrant visa is immediately available to [her] at the time [her] application is

filed." Even if an alien spouse is unlawfully present, she may apply to the

Attorney General for an adjustment of status. 8 U.S.C. § 1255.

"[A]s a general rule, [discretion should] be favorably exercised where a

prima facie approvable visa petition and adjustment application have been

submitted in the course of a deportation hearing. . . ." *Bull*, 790 F.2d at 872

(citation omitted). However, there is no "inflexible rule requiring the [IJ] in all

cases to continue deportation proceedings. . . ." *Id.* (quotation omitted). For

example, an IJ does not clearly abuse his discretion by summarily denying a

continuance "upon his determination that the visa petition is frivolous or that the

adjustment application would be denied on statutory grounds or in the exercise of

discretion notwithstanding the approval of the petition." *Id.* (quotation omitted).

Here, the IJ did not abuse her discretion in denying Ms. Herrera's request

for continuance of the removal proceedings because: (1) Ms. Herrera had been

4

granted seven previous continuances; (2) she had conceded removability and withdrawn of her application for asylum, withholding of removal, and Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT") protection; (3) the IJ did not have jurisdiction to adjudicate the newly filed I-130 petition, (4) the IJ did not have an application to register permanent residence or adjust status ("I-485 application") before it; and (5) the IJ did not rely on an incorrect legal conclusion. In light of the passage of five years, the grant of seven continuances, and expediency of the successive I-130 petition, the IJ's failure to grant a continuance cannot be considered arbitrary or capricious. *See Garcia-Mir*, 766 F.2d at 1490. *See also Santillan v. U.S. Att'y Gen.*, 250 F. App'x 972, 975 (11th Cir. 2007) (per curiam) (finding that an IJ did not abuse his discretion in denying a petitioner's fourth continuance motion so that a successive visa petition filed by the petitioner's new spouse could be adjudicated); *Passe v. Att'y Gen.*, 176 F. App'x 54, 58-59 (11th Cir. 2006) (finding no abuse of discretion when an IJ denied a petitioner's continuance motion based on successive visa petitions). Thus, after reviewing the record and the briefs of the parties, we discern no error in this respect.

II.

An alien is entitled to due process in removal proceedings. *See Zadvyda*

5

*v. Davis*, 533 U.S. 678, 693, 121 S. Ct. 2491, 2500 (2001) (holding that "once an alien enters the country, . . . the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent"). However, we have concluded that no constitutionally protected right to a discretionary continuance of removal proceedings exists. *Haswanee v. U.S. Att'y Gen.*, 471 F.3d 1212, 1218-19 (11th Cir. 2006) (per curiam).

Here, the administrative record demonstrates that Ms. Herrera was afforded due process because she was provided with notice and an opportunity to be heard, with counsel present, at all proceedings; she was afforded the opportunity to present her case during the hearings; and she did not ask to testify or to present witnesses. Ms. Herrera has not established that the IJ's decision to deny her continuance motion implicated a constitutionally protected interest, so her due process claim with respect to the denial is without merit. *See id.* Thus, after reviewing the record and the briefs of the parties, we discern no error in this respect, either.

Accordingly, we deny Herrera's petition for review.

**DENIED.**