[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14454
Non-Argument Calendar
_____

Agency No. A088-006-823

JORGE YESID BARON GUERRERO,
MARTHA SONIA ORTIZ LOSANO,
ALEXANDRA MARCELA BARON ORTIZ,
SARA ISABEL BARON ORTIZ,
JORGE DAVID BARON ORTIZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(December 11, 2012)

Before DUBINA, Chief Judge, TJOFLAT and PRYOR, Circuit Judges.

PER CURIAM:

Yorge Yesid Baron Guerrero, along with his wife and three children,

("Guerrero")[1] seek review of the final order of the Board of Immigration Appeals

("BIA") affirming the immigration judge's ("IJ") denial of his application for

asylum, withholding of removal, and relief under the United Nations Convention

Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment

("CAT").[2]  He argues that the Revolutionary Armed Forces of Colombia

("FARC") persecuted him based on his political opinion.

## I.

Guerrero applied for asylum, withholding of removal, and CAT relief in

2008.  He presented evidence indicating that he had received letters and telephone

calls from purported members of the FARC, directing him to provide an armored

truck full of money from his employer, and threatening that he would be killed if,

---

[1]  Guerrero included his wife and three minor children as derivative riders on his application.

[2]  Guerrero has abandoned any challenge to the denial of withholding of removal and CAT relief as he fails to raise clearly those issues in his initial brief. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).  Moreover, although Guerrero presents arguments about whether he suffered past persecution or has a well-founded fear of future persecution, neither the BIA nor the IJ expressly reached those issues, and we need not address them either. *See Bull v. INS*, 790 F.2d 869, 873 n.3 (11th Cir. 1986) (pre-IIRIRA) (noting that we can uphold the BIA's decision "only on the basis articulated in the decision") (internal quotation marks omitted).

2

*inter alia*, he did not cease his political activities.  Guerrero also asserted that members of the FARC had fired shots at him.  The IJ denied all forms of relief in 2010, determining that, although Guerrero's testimony was credible, the threats and attacks, even if perpetrated by the FARC, "had nothing to do with any of the five [protected grounds in the INA]," and actually occurred because the perpetrators wanted Guerrero to participate in criminal activity—stealing the truck and money.  Guerrero appealed, but the BIA dismissed his appeal, determining that "none of the communications made to [Guerrero] concerned his political activities," and there was no "evidence that [the] FARC or other individuals knew of [his] activities and acted against him on that basis."  Guerrero then filed the instant timely petition for review.

## II.

We review only the BIA's decision except to the extent the BIA expressly adopts the IJ's opinion or reasoning.  *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001).  Where the BIA "affirmed and relied upon the IJ's decision and reasoning," we review the IJ's opinion, "to the extent that the BIA found that the IJ's reasons were supported by the record."  *Tang v. U.S. Att'y Gen.*, 578 F.3d 1270, 1275 (11th Cir. 2009).  Here, we consider both the BIA's and the IJ's decisions.  We review the BIA's factual determinations under the

3

substantial-evidence test. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005).

We must "affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Al Najjar*, 257 F.3d at 1284 (internal quotation marks omitted). "Under the substantial evidence test, we view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*). Accordingly, "[t]o conclude the BIA's decision should be reversed, we must find that the record not only supports the conclusion, but compels it." *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007) (internal quotation marks omitted). The fact that evidence in the record may support a contrary conclusion is not enough to justify a reversal. *Adefemi*, 386 F.3d at 1027.

The Attorney General or Secretary of Homeland Security has the discretion to grant asylum if an alien meets the definition of "refugee," as defined by INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). INA § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A). A refugee is defined as

> any person who is outside any country of such person's nationality . . .
> and who is unable or unwilling to return to, and is unable or unwilling
> to avail himself or herself of the protection of, that country because of

4

persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . .

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status, and thereby establishing asylum eligibility. *Al Najjar*, 257 F.3d at 1284. To establish asylum based on past persecution, the applicant must prove (1) that he was persecuted, and (2) that the persecution was on account of a protected ground. *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1236 (11th Cir. 2006). An asylum petitioner must establish a nexus between the past persecution or feared future persecution and the protected ground. The alien must present "specific, detailed facts showing a good reason to fear that he or she will be *singled out* for persecution on account of" the statutorily listed factor. *Forgue*, 401 F.3d at 1286 (internal quotation marks omitted); *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005); *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 818 (11th Cir. 2004).[3]

In *Sanchez v. U.S. Att'y Gen.*, 392 F.3d 434 (11th Cir. 2004), a Colombian alien asserted that the FARC had contacted her asking her to cooperate with the

---

[3] The asylum applicant, however, need not show that he will be singled out if he establishes a "pattern or practice" of persecution of a group of persons similarly situated to the applicant, and he has a reasonable fear of persecution based on inclusion in that group. 8 C.F.R. § 208.13(b)(2)(iii). Guerrero did not raise this issue before the BIA, nor does he raise it now on appeal.

5

group and later demanded a large sum of money when she refused. *Id.* at 436. We held that the alien had not established persecution based on a protected ground because the FARC had harassed her because of her refusal to cooperate with them, not because of any connection with her political opinion. *Id.* at 438. We conclude from the record here that the BIA and IJ did not err in reaching the ultimate determination that Guerrero was ineligible for asylum, as substantial evidence supported the conclusion that he failed to establish a nexus between the alleged persecution and a protected ground under the INA. Although there is some mention of Guerrero's political activities in the record, the record does not *compel* a finding that the harassment was based on those activities. *See Ruiz*, 479 F.3d at 765.

First, the attacks and threatening phone calls started immediately after Guerrero, along with the rest of the union, refused to steal an armored truck and money at the FARC's request. Second, the primary theme of the letters and calls was the armored truck scheme, and the political warnings were generally vague. Third, even if Guerrero was the intended target of the shootings and members of the FARC were the perpetrators, there was no indication that the incidents were motivated by Guerrero's political activities. Like the alien in *Sanchez*, Guerrero failed to establish that the alleged persecution was based on a protected ground

6

because the FARC harassed him based on his refusal to give in to the group's demands, *not* because of his political opinion.

For the aforementioned reasons, we deny the petition for review.

**PETITION DENIED.**