[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 2, 2008
THOMAS K. KAHN
CLERK

No. 07-14289
Non-Argument Calendar
_____

Agency No. A99-576-039

MAGDALA PIERRE,
a.k.a. Shanikah Jean,
a.k.a. Shenikah Jean,

                                                            Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                            Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(May 2, 2008)**

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Magdala Pierre, a native and citizen of Haiti, petitions this Court to review

the final order of the Board of Immigration Appeals ("BIA") denying her motion to

reopen her asylum proceedings. In her petition for review, Pierre argues that the BIA erred by affirming the decision of the immigration judge ("IJ"), who rejected Pierre's ineffective-assistance-of-counsel claim as a basis for reopening her removal proceedings. Pierre also argues that the BIA erred by affirming the IJ's denial of a continuance while she sought adjustment of her immigration status. After careful review, we deny the petition for review.[1]

The relevant facts are straightforward. Pierre arrived in the United States on May 22, 2006, when she attempted to enter this country by presenting a fraudulent admission stamp and a counterfeit Haitian passport. On June 9, 2006, she was charged with removability from the United States pursuant to Sections 212(a)(6)(C)(i) and (a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1182(a)(6)(C)(i), (a)(7)(A)(i)(I). On July 21, 2006, Pierre conceded removability and was paroled into the United States for the purpose of pursuing asylum. She did not file a timely asylum application. On January 11, 2007, the IJ denied Pierre's request for a continuance. The IJ cited his earlier order, dated September 7, 2006, warning Pierre that her request for asylum would be deemed

---

[1] We review our subject matter jurisdiction de novo. Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006). Because Pierre presented her core issue on appeal -- the ineffective-assistance-of-counsel claim argument -- to both the IJ and the BIA, she has exhausted her administrative remedies as to the claim, and we have jurisdiction over her petition for review. See Montano Cisneros v. U.S. Att'y Gen., 514 F.3d 1224, 1228 n.3 (11th Cir. 2008) (where petitioner consistently argued, before the IJ and the BIA, the core issue on appeal, petitioner exhausted her claims and sufficient jurisdiction existed).

abandoned unless she filed it on or before January 11, 2007. The IJ subsequently clarified that a continuance was not warranted pending an adjudication of Pierre's husband's visa petition by the United States Citizenship and Immigration Services ("USCIS"), because, as an arriving alien, Pierre was ineligible for an adjustment of status based on her husband's visa petition. The IJ also rejected Pierre's argument to reopen the proceedings, based on ineffective assistance of counsel, because she failed to comply with the requirements for such a claim, as set forth in Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988). The BIA affirmed the IJ's decision. This petition for review followed.

We review the denial of a motion to reopen a removal order for abuse of discretion. Contreras-Rodriguez v. U.S. Att'y Gen., 462 F.3d 1314, 1316 (11th Cir. 2006). When the BIA issues its own opinion, we review only the decision of the BIA, except to the extent the BIA expressly adopts the IJ's decision. Rodriguez Morales v. U.S. Att'y Gen., 488 F.3d 884, 890 (11th Cir. 2007). We review the denial of a motion for continuance for an abuse of discretion. Haswanee v. U.S. Att'y Gen., 471 F.3d 1212, 1214 (11th Cir. 2006). "The Immigration Judge may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29.

In general, an alien may file one motion to reopen proceedings within 90 days of the date of entry of a final administrative order of removal and the motion

3

to reopen needs to state the new facts that will be proven at the hearing and provide all supporting affidavits or other evidence. See INA § 240(c)(7), 8 U.S.C. § 1229a(c)(7). An alien also can move to reopen her removal proceedings on the basis of ineffective assistance of counsel, but the alien must establish that counsel's performance was deficient to the point that it impinged upon the fundamental fairness of the hearing such that the alien was unable to reasonably present her case. Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1274 (11th Cir. 2005). The BIA has adopted the following requirements for a motion to reopen based on ineffective assistance of counsel:

> . . . (1) that the motion [to reopen] be supported by an affidavit of the allegedly aggrieved respondent setting forth in detail the agreement that was entered into with counsel with respect to the actions to be taken and what representations counsel did or did not make to the respondent in this regard, (2) that counsel whose integrity or competence is being impugned be informed of the allegations leveled against him and be given an opportunity to respond, and (3) that the motion reflect whether a complaint has been filed with appropriate disciplinary authorities with respect to any violation of counsel's ethical or legal responsibilities, and if not, why not.

Matter of Lozada, 19 I. & N. Dec. 637, 637 (BIA 1988). In addition to these requirements, a petition must show prejudice, which exists "when the performance of counsel is so inadequate that there is a reasonable probability that but for the attorney's error, the outcome of the proceedings would have been different." Dakane, 399 F.3d at 1274.

4

In her motion to reopen, Pierre argued that she received erroneous advice from her attorney concerning the time for filing her asylum application. To the motion to reopen, she attached an application for asylum and withholding of removal. Pierre's submission did not establish, or so much as suggest, that, but for the allegedly mistaken advice from her attorney as to the time for filing an asylum application, the outcome of her original asylum request would have been different. That is to say, she did not demonstrate prejudice, within the meaning of Dakane. Accordingly, the BIA did not abuse its discretion by affirming the denial of her motion to reopen because the motion did not meet the requirements for demonstrating ineffective assistance of counsel.

We likewise are unpersuaded by Pierre's second argument, that the IJ erred by denying her request for a continuance while she sought adjustment of her immigration status through her husband's visa petition proceedings before the USCIS. Pursuant to 8 C.F.R. § 1245.2, which governs the IJ's jurisdiction over adjustments of status,

> In the case of an arriving alien who is placed in removal proceedings, the immigration judge does not have jurisdiction to adjudicate any application for adjustment of status filed by the arriving alien unless: (A) [t]he alien properly filed the application for adjustment of status with USCIS while the arriving alien was in the United States; (B) [t]he alien departed from and returned to the United States pursuant to the terms of a grant of advance parole to pursue the previously filed application for adjustment of status; (C) [t]he application for adjustment of status was denied by USCIS; and (D) DHS placed the

5

arriving alien in removal proceedings either upon the arriving alien's return to the United States pursuant to the grant of advance parole or after USCIS denied the application.

8 C.F.R. § 1245.2(a)(1)(ii).

When she filed her motion for a continuance, Pierre was an "arriving alien . . . placed in removal proceedings," to which none of the exceptions enumerated in § 1245.2(a)(1)(ii) applied. Therefore, the IJ was without jurisdiction to address her adjustment-of-status claim. Pursuant to Section 1245.2(a)(1)(ii), the authority to adjudicate such a claim is vested exclusively in the USCIS in the case of arriving aliens in removal proceedings. See Scheerer v. U.S. Att'y Gen., 513 F.3d 1244, 1254 (11th Cir. 2008).[2] Accordingly, the appropriate course of action for Pierre was to file an application for adjustment of status with the USCIS and wait for this application to be adjudicated, independent of her removal proceedings. The pendency of Pierre's husband's visa application before the USCIS proceedings was not a basis for continuing her removal proceedings because, due to § 1245.2(a)(1)(ii)'s jurisdictional bar, the immigration courts have no jurisdiction over adjustment applications filed by aliens in Pierre's position. Thus, even if her

---

[2] Pierre's case is distinguishable from Bull v. I.N.S., 790 F.2d 869, 871 (11th Cir. 1986), in which we found an abuse of discretion based on the IJ's denial of a continuance where the petition was awaiting a determination on his wife's I-130 petition. The petitioner in Bull arrived in the United States on a student visa and overstayed his visa. He married a United States citizen prior to his arrest by the I.N.S. and sought a continuance while his wife's I-130 petition was pending. Notably, unlike this instant case, Bull did not involve an arriving alien and thus a different set of regulations controlled and, more importantly, the jurisdiction-stripping provisions of § 1245.2(a)(1)(ii) were inapplicable.

6

husband's visa petition was approved by the USCIS, her adjustment-of-status application could not be adjudicated in the immigration courts. Id. (holding that where immigration court had no jurisdiction over arriving alien's adjustment application, continuance was not warranted because there was "no possibility that [petitioner's] adjustment application would be adjudicated during removal proceedings"). Accordingly, the BIA did not err by affirming the IJ's denial of a continuance.

**PETITION DENIED.**