[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10001

Non-Argument Calendar

_____

MANTAS KAKLIAUSKAS,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A089-643-408

_____

Before WILSON, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Mantas Kakliauskas petitions for review of the Board of Immigration Appeals's order denying his motion for reconsideration of the Board's earlier order affirming an immigration judge's denial of his request to continue his removal proceedings. He also claims, for the first time on appeal, that he has suffered a violation of his due process rights during the entire course of proceedings. Because the first claim is meritless, and the next unexhausted, we deny the petition in part and dismiss it in part.

**I.**

In June 2002, Mantas Kakliauskas, a citizen of Lithuania, entered the United States as a nonimmigrant on a J-1 visa, which permitted him to remain temporarily in the country until October 2002. But Kakliauskas never left. He married U.S. Citizen Shandra Fitzpatrick in 2006, and she filed a Form I-130 Petition for Alien Relative to adjust Kakliauskas's immigration status. She sat for an interview regarding Kakliauskas's eligibility for that form of relief, but later withdrew her petition and testified in a sworn statement that she had received money for marrying Kakliauskas to help him receive his green card. The pair formally divorced in 2007.

In 2012, Kakliauskas applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT), claiming that he feared persecution if he returned to Lithuania.

While that application was pending, Kakliauskas married his current wife, Tatiana Volcov. She too filed a Form I-130 on behalf of Kakliauskas.

In 2015, during his pending asylum proceedings, Kakliauskas informed the immigration judge that Volcov's I-130 petition had been denied because United States Citizenship and Immigration Services (USCIS) had found that he had previously committed fraud in his marriage to Fitzpatrick. *See* 8 U.S.C. § 1154(c). Because USCIS's decision barred him from obtaining the requested visa, the immigration judge decided to extend his removal hearing date so Volcov and Kakliauskas could appeal USCIS's decision. But rather than appeal the denial of her initial petition, Volcov filed a second I-130 petition. The new filing included a new sworn statement from Fitzpatrick, this time saying her marriage to Kakliauskas had been legitimate. Fitzpatrick claimed that she only withdrew the initial I-130 petition because she had been threatened and intimidated by the examiner during the interview process.

Kakliauskas's removal proceedings finally resumed in 2019, and he moved for the immigration judge to continue the proceedings again, this time on the ground that Volcov's second pending I-130 petition would likely be approved. The immigration judge denied the motion. Specifically, the immigration judge pointed out that this exact issue had already been raised, and that proceedings had already been pushed back to give Kakliauskas more time to have the marriage fraud issue reconsidered. At this point, more than a year later, a continuance was unwarranted, the

immigration judge said, because any possibility of a status adjustment was merely speculative. Kakliauskas's removal proceedings then moved to the merits. The immigration judge denied Kakliauskas's petition for asylum, withholding of removal, and relief under CAT, and ordered him removed under 8 U.S.C. § 1228.

Kakliauskas appealed this decision to the Board of Immigration Appeals. He argued that the immigration judge should not have proceeded with removal while the I-130 petition was pending since its approval would have made him prima facie eligible for a status adjustment. And he contended that the immigration judge erred in concluding that he did not have an objective fear of persecution in Lithuania.

While that appeal was pending, USCIS denied the second Form I-130 petition from Volcov, Kakliauskas's second wife, again based on the marriage-fraud bar. Specifically, USCIS found that for Kakliauskas's first marriage, to Fitzpatrick, the documents submitted by the couple for the original I-130 application appeared to have been created following receipt of their interview notice; there was no demonstrated payment toward any kind of shared marital obligations like rent or insurance; and the couple provided contradictory testimony about things like the marriage proposal, where they spent their wedding night, and when they cohabitated. On top of all these inconsistencies was Fitzpatrick's sworn statement that her marriage to Kakliauskas was a sham. USCIS acknowledged Ms. Fitzpatrick's new statement, but concluded that

"the original statement is considered more credible than the recantation seven years later."

The Board dismissed Kakliauskas's appeal. It agreed with the immigration judge on the merits of the asylum claims and affirmed the denial of Kakliauskas's motion for a continuance. The immigration judge had noted that Kakliauskas had already been granted numerous continuances, had two I-130 petitions denied, and still had the marriage-fraud bar in place. As a result, the Board concluded that the record did not support a finding of good cause for continuance. That order was entered in December 2021, and Kakliauskas did not seek judicial review.

Instead, he filed a motion to reopen and reconsider the Board's decision and to remand pending complete adjudication of Volcov's second I-130 petition. This filing contested the Board's decision regarding the propriety of a continuance, but did not raise any due process argument.

In December 2022, the Board denied the motion. It found that it had considered the appropriate factors in reaching its earlier decision, and that Kakliauskas had not introduced any new evidence to the contrary. Kakliauskas timely appealed the Board's order.[1]

---

[1] Kakliauskas only petitioned this court for review of the Board's 2022 decision denying his "Motion to Reconsider of the BIA decision affirming the Removal Order of the Immigration Court," not the underlying Board decision itself. Moreover, even if Kakliauskas had intended this petition to seek review of the underlying Board decision, it would have been untimely. *See* 8 U.S.C.

6                    Opinion of the Court                23-10001

## II.

This Court reviews the Board's decision as a final judgment, "unless the BIA expressly adopted" the immigration judge's decision. *Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016). Then, we review the decision of both the Board and the immigration judge. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010). We review the Board's denial of a motion to reconsider and the denial of a motion for a continuance for abuse of discretion. *Ferreira v. U.S. Att'y Gen.*, 714 F.3d 1240, 1242 (11th Cir. 2013); *Chacku v. U.S. Att'y Gen.*, 555 F.3d 1281, 1285–86 (11th Cir. 2008). Under this standard, "review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009).

## III.

## A.

The Board did not abuse its discretion in declining to reconsider the order affirming the denial of Kakliauskas's request to continue his removal proceedings. A motion to reconsider must "state the reasons for the motion by specifying the errors of fact or law" in the underlying decision. 8 C.F.R. § 1003.2(b)(1); *see also* 8 U.S.C. § 1229a(c)(6)(C). A motion to reconsider "that merely republishes the reasons that had failed to convince the tribunal in

_____

§ 1252(b)(1); *Dakane v. U.S. Att'y Gen.*, 371 F.3d 771, 773 n.3 (11th Cir. 2004). Accordingly, we limit our review to the order denying reconsideration.

the first place gives the tribunal no reason to change its mind," and therefore, "merely reiterating arguments previously presented to the BIA" is insufficient to succeed on this kind of motion. *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1329 (11th Cir. 2007) (quotation omitted). "The moving party bears a heavy burden" because motions to reopen or reconsider are especially disfavored in removal proceedings. *Zhang*, 572 F.3d at 1319; *see also INS v. Abudu*, 485 U.S. 94, 107 (1988).

Kakliauskas did not specify any errors of law or fact in the Board's order denying his appeal; he repeated the same arguments he made below. 8 U.S.C. § 1229a(c)(6)(C). In his BIA appeal, he argued that the immigration judge should not have proceeded with his removal proceedings because he was likely to succeed on his Form I-130 petition because of Fitzpatrick's new statement, and if that petition were approved, he would be eligible for adjustment of status. In his motion to reconsider, Kakliauskas reasserted these same points, arguing that Volcov's second I-130 petition was supported by Fitzpatrick's "credible affidavit" and that "reasonable discretion" called for a continuance until the adjudication of that petition was complete. Similarly, he argued in the appeal that Volcov had met her burden in proving that their marriage was legitimate, and that USCIS had failed to meet its burden to show that the first marriage was a sham. He made the same argument in his motion to reconsider, and even appears to have copied substantial sections of the exact same language from the first argument into the second.

Moreover, the underlying Board decision that Kakliauskas wanted reconsidered was not an abuse of discretion. The standard for granting a motion for continuance is "good cause shown." 8 C.F.R. § 1003.29. True, in cases where removal proceedings are occurring while an I-130 petition is pending, "discretion should, as a general rule, be favorably exercised where a prima facie approvable visa petition and adjustment application have been submitted in the course of a deportation hearing." *Bull v. INS*, 790 F.2d 869, 872 (11th Cir. 1986) (quoting *In re Garcia*, 16 I. & N. Dec. 653, 657 (BIA 1978)). But that is not an absolute rule, and it is not an abuse of discretion to deny a request for a continuance based on the conclusion that the movant is "statutorily ineligible for adjustment of status," or that there is only the "speculative possibility" that the petition will be granted. *Id.*; *Zafar v. U.S. Att'y Gen.*, 461 F.3d 1357, 1363–64 (11th Cir. 2006).

Here, Kakliauskas did not show that he was prima facie eligible for adjustment of his status. The marriage-fraud bar was in place when the immigration judge made the original decision, when the Board affirmed that decision, and when the Board denied Kakliauskas's motion to reconsider. So at all relevant time periods Kakliauskas was already statutorily ineligible for Form I-130 approval. *See* 8 U.S.C. § 1154(c).

For both of these reasons, it was well within the Board's discretion to deny Kakliauskas's motion to reconsider. *Calle*, 504 F.3d at 1331.

**B.**

Kakliauskas argues, for the first time on appeal, that he was deprived of his right to due process and fair proceedings. He acknowledges that he does not have a constitutional right to the discretionary relief of a continuance, but still contends that he has a valid due process claim because "the totality of the record indicates that the order of removal was issued in violation of his right to due process and fair proceeding." *See Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir. 2008).

A court can only review a final order of removal if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). Until recently, this Court has interpreted this rule to mean that we lack jurisdiction to consider unexhausted claims raised in a petition for review. *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247 (11th Cir. 2006). But in *Santos-Zacaria v. Garland*, the Supreme Court held that the obligation to exhaust administrative remedies is a claim-processing rule, *not* a jurisdictional limitation. 598 U.S. 411, 416–19 (2023). But if properly raised by a party, mandatory claim-processing rules are "unalterable." *See Manrique v. United States*, 581 U.S. 116, 121, 125 (2017). Here, because the Attorney General raised the issue of exhaustion in his brief, and because Kakliauskas conceded that he did not raise a due process claim before the immigration judge or the Board, we enforce the exhaustion rule. *See Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023). We thus dismiss Kakliauskas's due process claim for failure to exhaust and decline to reach the merits.

⋆    ⋆    ⋆

The Board did not abuse its discretion when it denied Kakliauskas's motion to reconsider the order affirming the immigration judge's denial of his application for asylum, withholding of removal, and relief under CAT. We do not consider the merits of his due process claim because it was unexhausted. Accordingly, Kakliauskas's petition for review of the Board's order denying his motion to reconsider is **DENIED in part and DISMISSED in part.**